# Cotten v. The State.

### Indictment for Murder.

1. *Charge as to self-defense, ignoring freedom from fault.*—A charge requested, invoking the doctrine of self-defense on account of a reasonable apprehension of imminent peril to life or limb, but ignoring the question of defendant's freedom from fault in bringing on the difficulty, or putting himself in a position of peril from which he could not safely retreat, is properly refused.

FROM the Criminal Court of Jefferson.

Tried before the Hon. SAM. E. GREENE.

The defendant in this case, Emma Cotten, was indicted for the murder of Henry Harris, "by stabbing or cutting him with a knife;" was convicted of murder in the first degree, and sentenced to the penitentiary for life. The evidence adduced on the trial, as set out in the bill of exceptions, showed that the homicide was committed about two o'clock P. M., at the house of one Alice Gertrude, where the defendant also had a room, their rooms being connected by a door; that one Hightower, the deceased, and three other negroes, who worked together at Blocton, came up to Bessemer on Sunday, intending to return in the morning, but got to drinking, missed their train, and then went to the house of Alice Gertrude. Hightower, the only eye-witness, thus testified on the part of the State: "I was lying on the bed, and was pretty full, but was not drunk; and all of the others had gone out to dinner, except the deceased. He was standing at the foot of the bed, and leaning against the wall, when the defendant came in, approached him, and said something. I am not certain what she said, but think it was something about money. She struck the deceased, and a man came in from the adjoining room, whom I did not know, with a razor in his hand; and I rushed up, and threw him out; and the defendant then struck the deceased again, and ran out into the yard, saying: 'Come and get me, I have done my work.'" The fatal blow was struck with a knife, which is described as "a physician's knife, with a long, keen blade." The deceased was struck in the breast, and the knife pierced his heart, killing him almost instantly. Alice Gertrude testified, as a witness for the defense: "I was at the restaurant at dinner, and did not see the killing. I had seen the deceased

[Cotten v. The State.]

quarrelling with the defendant that day." It was admitted that Joe Fisher, an absent witness, would testify, "that the deceased came to her house, within a half-hour before the killing, and wanted to see the defendant, but she would not let him in, and he said he intended to kill her." The defendant testified in her own behalf, that the deceased sent her a message by Hightower, soon after breakfast, that he wanted to see her, but she refused to see him, because she was unwell; that he afterwards came to her room, and cursed her, and she told him to go away and let her alone; and she thus continued: "I went into Alice Gertrude's room, and he followed me. He hit me over the head, and I struck him. He said he would kill me, and reached his hand in his bosom, and started to draw a pistol. I saw the pistol. I had a knife in my hand, and I struck him with it, and walked out of the house." No pistol, or other weapon, was found on the person of deceased.

"This being in substance all the evidence," the defendant requested the court to charge the jury as follows: "If the defendant, at the time of the killing, entertained a reasonable apprehension of great personal violence, involving imminent peril to life or limb, and could not retreat in safety, or without putting herself at a disadvantage; then the killing would not be wrongful, and it would be the duty of the jury to acquit her." The court refused this charge, and the defendant excepted.

DICKINSON & KERR, for appellant, cited *Blackburn v. State,* 86 Ala. 595; *Dupree v. State,* 33 Ala. 380; *Roberts v. State,* 68 Ala. 156; *Barnes v. State,* 49 Ala. 370.

WM. L. MARTIN, Attorney-General, for the State, cited *Kirby v. State,* 89 Ala. 63.

WALKER, J.—The only exception shown to have been reserved on the trial was to the refusal of the court to give the charge in writing requested by the defendant. There was evidence tending to show that the defendant came into the room where the deceased was, said something to the deceased, and then struck him two blows, in one of which a knife was used to inflict the fatal wound. The charge requested is plainly faulty, in that it ignores the question of defendant's freedom from fault in bringing on the difficulty, or in putting herself in the position of peril.—*Kirby v. The State,* 89 Ala. 63; *Blackburn v. The State,* 86 Ala. 595. No error is discovered in the record.

Affirmed.