# Millender *v*. The State.

## *Murder.*

(Decided May 14, 1908.  46 South. 756.)

1. *Criminal Law; Continuance; Absence of Witness; Right to Make Showing.*—Although the law guarantees to a defendant the right to be confronted by witnesses and to have compulsory process to secure their presence, it is not an abuse of the discretion of the trial court to refuse a continuance and to refuse to permit a showing for the absent witnesses where it appears that the witnesses were within the jurisdiction of the court, and that the court offered before putting defendant on trial to have compulsory process issued for their appearance at a subsequent day of the term, and to pass the case until such time, which offer the defendant declined to accept.

2. *Charge of Court; Instructions Misleading; Malice.*—A charge asserting that the law recognizes no definite or fixed time for the formation of malice before the commission of murder, it being sufficient if it exists but a moment before the killing; and may be formed while the person is pressing the trigger of the pistol which causes the death (the court illustrating by pointing its finger as though pulling a trigger) while it may be misleading is not error to reversal.

3. *Same; Failure to ask Explanatory Charge.*—One suffering from the effect of a misleading charge who fails to request a charge explanatory thereof cannot be heard to complain of the misleading tendencies of the charge objected to.

4. *Same; Instruction; Self Defense.*—A charge asserting that if the jury believe that when defendant shot decedent, he believed he was in imminent peril of life or limb and the circumstances were such as to justify this belief in the mind of a reasonable man and that defendant was not the aggressor and could not retreat without increasing his danger then he could shoot to kill, pretermits freedom from fault in provoking the difficulty and is consequently erroneous.

5. *Same.*—A charge asserting that if the jury believe from the evidence that defendant shot decedent under circumstances which would create a just apprehension in the mind of a reasonable man of imminent danger to his person, he might lawfully act upon appearances and kill his assailant, in effect justifies the killing whether done in self defense or not, and is erroneous.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

2 C

Tom Millender was convicted of murder in the first degree, and he appeals. Affirmed.

The facts in reference to the witnesses and the refusal of the court of a continuance sufficiently appear in the opinion. The oral charge of the court, excepted to, is as follows: "Gentlemen of the jury, the court charges you that the law recognizes no definite or fixed time for the formation of malice before the commission of murder. It is sufficient if it springs into existence, even though it be for a moment in advance of the killing. To illustrate: It may be formed while a person is pressing the trigger of the pistol that fires the fatal shot and causes death (illustrating by pointing his right forefinger and working it as though he was pulling the trigger)." The defendant, before the jury retired to consider the verdict, called the court's attention to this portion of the oral charge, and excepted to the illustration made by the court, and also to the definition of malice by the court to the jury, whereupon the court turned to the jury, who had arisen from their seats and were standing, and repeated to them that malice could be formed even an instant in advance of the killing, to which portion of the charge the defendant then excepted.

The following charges were refused to defendant: "(3) The court charges the jury that if you believe from the evidence that the defendant, at the time he shot the deceased, believed he was in imminent peril of his life or limb, and the circumstances were such as to engender this belief in the mind of a reasonable man, and that he was not the aggressor and could not retreat without danger, then he had a right to shoot to kill. (4) The court charges the jury that, if you believe from the evidence that the defendant fired the fatal shot under circumstances which would create a just apprehension in the mind of a reasonable man of imminent danger to his per-

son, he might lawfully act upon appearances and kill his assailant." "(6) The court charges the jury that if you believe from the evidence that the deceased turned upon the defendant with something in his hands, and approached defendant in a manner reasonably calculated to create in the mind of the defendant a reasonable belief that his life was endangered, and that he did so believe, then it is immaterial whether or not he was in imminent danger."

McCorvey & Hare, for appellant.—The Constitution guarantees to every one the right to the testimony of his witnesses when not to blame for their absence.—*Degg v. The State*, 43 South. 484. Charges 3, 4 and 6 should have been given.—*Dorsey v. The State*, 107 Ala. 157; 1 Mayf. 675. Charge 4 especially should have been given. —*Kennedy v. The State*, 140 Ala. 1; *Carroll v. The State*, 23 Ala. 28.

Alexander M. Garber, Attorney-General, for the State.—The defendant cannot complain of being put to trial in the absence of the witnesses when he declined the compulsory process offered him by the court to procure them.—*House v. The State*, 139 Ala. 132. The law infers the existence of malice from the use of a deadly weapon and recognizes no definite time for its formation.—*Mitchell v. The State*, 133 Ala. 65; *Harrison v. The State*, 144 Ala. 20. Charge 4 fails to hypothesize the elements of self defense. Charge 6 is bad.—*Jackson v. The State*, 78 Ala. 471.

ANDERSON, J.—We do not think the trial court committed reversible error in compelling the defendant to go to trial without certain witnesses, under the circumstances as disclosed by the record. It is true all the witnesses, save one, had been ordered by the defendant in time and were within the jurisdiction of the court,

and he was entitled to compulsory process requiring their attendance, or to make a showing for them before being put to trial. It seems, however, that the court offered to issue attachment for said witnesses, returnable instanter, and which was the most effectual way to get them. Nor does it appear from the record that the defendant accepted the court's offer. He evidently preferred a showing to the presence of the witnesses, or, at least, in preference to having them attached. The court having offered compulsory process, and the defendant not availing himself of the offer, he cannot complain of the court's action in not permitting him to make showings for said witnesses. The defendant should have accepted the offer, and, after doing so, could have well objected to being put to trial without said witnesses, or without the benefit of a showing, in the event they were not produced by the service of the attachment. As to the uselessness or impracticability of the court's offer, we cannot anticipate, nor should the defendant have done so. . "Sufficient unto the day is the evil thereof." The defendant should have accepted the offer, in order to take advantage of the court's subsequent action in forcing him to trial without the showings because of the absence of the witnesses.

While we do not commend that part of the oral charge excepted to, or the illustration made to the jury by the court, it was not reversible error, as it was, at most, only calculated to mislead, and the effect of which could have been overcome by an explanatory charge, requested by the defendant.

Charge 3, requested by the defendant, was properly refused. It authorized the defendant to kill the deceased, under the conditions set out, regardless of his freedom from fault in provoking or bringing on the difficulty.

Charge 4, requested by the defendant, was bad. It not

[Fowler v. The State.]

only authorized the defendant to act upon appearances, but justified the killing, whether in self-defense or not. It possesses the very vice that the court pointed out as not contained in charge 1 in the case of *Kennedy v. State,* 140 Ala. 1, 37 South. 90.

Charge 6, refused to the defendant, whether good or bad, was fully covered by given charge 11.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.