# Keith *v.* The State.

*Indictment for Murder.*

1. *Self-defense; burden of proof.*—To establish the plea of self-defense, it is enough for the defendant to show that at the time he was either really, or to ordinary appearance, in imminent peril of life

[Keith v. The State.]

or limb, and had no other reasonable means of escape; and whilst he cannot invoke this defense unless he is free from fault in bringing on the difficulty, the *onus* is not on him to prove this negative.

2. *Reasonable apprehension of imminent danger.*—In order to justify the taking of human life, the danger need not be real, but must be such in appearance as to create in the mind of a reasonable man, a just apprehension of imminent danger to life or limb.

APPEAL from Walker Circuit Court.

Tried before Hon. J. J. BANKS.

The evidence for the State tended to show that immediately preceding the difficulty which terminated in the killing, defendant went into the house occupied by William Henry Johnson, the deceased, and on being asked by deceased, "if he wanted to make a pathway out of his house?" replied that he "would make a pathway out of him," and defendant passing through the house was followed by deceased a short distance, and on his approach they jumped together and the deceased exclaimed, "he has cut me." The evidence for defendant tended to show that while deceased was following defendant he opened his knife and put it in his vest pocket; that defendant's wife and another woman were holding defendant's arms and leading him off, and deceased caught defendant around the neck from behind and attempted to cut him; that defendant struck the wrist of deceased whose knife fell to the ground and a struggle for the possession of the knife ensued, defendant obtaining it first, and at that time deceased put his hand under his coat behind, and it was then that defendant cut deceased with the knife of the latter which he had picked up.

The defendant requested two charges, which were refused by the court. The first is set out in the opinion and the second is as follows: 2. "It is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life, but if the jury are satisfied from all the evidence in the case that the circumstances attending the striking the fatal blow were such as to impress Howard Keith, the defendant, with a reasonable belief that at the time of striking the blow it was necessary in order to prevent death or great bodily harm to his person, then the jury must acquit the defendant, unless they further believe that the defendant was not free from fault in bringing on the difficulty."

The refusal to give these charges are the only errors assigned.

COLEMAN & SOWELL, for appellant.

3-97.

W. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted and tried for murder in the second degree, and convicted of manslaughter in the first degree.

The exceptions reserved, and which are assigned as error, are upon the refusal of the court to instruct the jury as requested in writing by the defendant. The first charge refused reads as follows : "If the defendant, at the time of the killing, entertained a reasonable apprehension of great personal violence, involving imminent peril to life or limb and could not retreat in safety, or without putting himself at a disadvantage, then the killing would not be wrongful, and it would be the duty of the jury to acquit him, unless the jury further believe from the evidence that the defendant was at fault in bringing on the difficulty."

The law is very careful of human life, and although a person without fault, may be in great peril, involving imminent danger to life or limb, the duty to retreat and avoid the danger rests upon him, if he can do so with reasonable safety to himself ; but where the peril is great, and the danger to life or limb imminent, and the person is without fault, the law does not require him to increase his danger by putting himself at a disadvantage.

The principle involved in this charge has been directly adjudicated and declared to be correct. In the case of *McDaniel v. The State*, 76 Ala. 5, the court at the request of the State charged the jury that "To make out a case of justifiable self-defense the evidence must show that the difficulty was not provoked or encouraged by the defendant." Commenting on this charge, the court held it "was faulty." That it made it a condition of acquittal under the plea of self-defense, that the evidence must show that the difficulty was not provoked or encouraged by the defendant. This was a misplacing of the burden of proof. Enough for the defendant, if he showed that he was really, or to ordinary appearance, in imminent peril of life or limb, from which he had no other reasonable means of escape. . . . The rule is that its existence (fault of the defendant) when shown is an answer to the plea of self-defense, but its existence is not presumed so as to impose on defendant the burden of its disproof."

In *Cleveland v. State*, 86 Ala. 9, it is said : "The manslayer must be free from fault in bringing on or provoking the difficulty. The *onus* of disproving this freedom from fault is not on the defendant. He must be exposed to

[Grant v. The State.]

present, impending peril, that is, he must be presently exposed to imminent danger of losing his life, or of suffering grievous bodily harm, or must reasonably appear to be so, from which he has no other reasonable mode of escape, without apparently increasing the imminence of his peril." The charge requested is in accord with the rule declared in the foregoing cases, and should have been given.

The second charge requested was clearly the law, as decided many times by this court. The danger need not be real, but it is sufficient if the apparent danger is such as to create in the mind of a reasonable man a just apprehension of imminent danger to life or limb. 3 Brick. Dig., p. 219, 220 ; 86 Ala. *supra ;* 76 Ala. *supra.*

There was evidence upon which these charges could be predicated, and consequently they were not abstract.

Reversed and remanded.