# Williams v. The State.

### Indictment for Murder.

1. *Indictment for murder; when evidence not admissible for the purpose of showing bias.*—On a trial under an indictment for murder, where a witness for the State testified to facts tending to show the guilt of the defendant, and it was shown that the deceased kept a store, it is not competent for the defendant to ask such witness whether or not he did not buy rations and

[Williams v. The State.]

other articles of necessity from the store of the deceased; such evidence showing no bias or interest on the part of the witness against the defendant.

2. *Homicide; when charges in reference to murder without injury.*—On a trial under an indictment for murder, where the fendant was convicted of manslaughter in the first degree, the refusal of charges which instruct the jury with reference to murder in the first and second degree, if erroneous, are error without injury.

3. *Homicide; charge of court to jury.*—On a trial under an indictment for murder. a charge is erroneous and properly refused, which instructs the jury that if they "find from the evidence that the deceased at the time the blow was struck was making an assault on the defendant, and that the defendant in resisting the said assault, used force not greatly disproportionate to the character of the assault, and death resulted by misadventure, then the jury should acquit him."—(*Martin v. State*, 90 Ala. 602, overruled.)

4. *Same; same.*—On a trial under an indictment for murder, where there is evidence from which the defendant could be convicted of manslaughter in the first degree, a charge is erroneous and properly refused which instructs them that if they "believe the evidence, they must not convict the defendant of murder in the first or second degree or of manslaughter in the first degree."

5. *Same; same.*—On a trial under an indictment for murder, where the defendant was convicted of manslaughter in the first degree, the refusal of charges which instruct the jury in reference to malice on the defendant's part, if erroneous, are without injury; since malice is not an element of manslaughter.

6. *Same; same.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that if they "believe from all the evidence that only a simple assault was made on the deceased by the defendant, and the blow inadvertently or accidentally resulted in death, and in this event you can only convict the defendant of manslaughter in the second degree, the defendant being free from fault in bringing on the difficulty."

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, John Williams, was indicted and tried for the murder of James Jones, by striking him with a bottle, was convicted of manslaughter in the first degree, and sentenced to the penitentiary for five years.

The State introduced as a witness one John Williams, who testified that he saw the difficulty between the defendant and the deceased; that the deceased kept a small store and went to the house of the defendant and asked him to pay him a bill which he owed him; that the defendant said to the deceased that if he could not wait until he got ready to pay him, he could fight it out, and thereupon the defendant picked up a large half-gallon bottle and began hitting the deceased, Jim Jones, on the side of the head, in such a manner as to break the bottle, and that defendant and deceased then grappled and scuffled out into the street. There was evidence which showed that the deceased died from the wounds inflicted in this difficulty. There was other evidence introduced tending to corroborate the testimony of the witness John Williams. The facts in reference to the question asked the said John Williams, on cross-examination, to the sustaining of objections to which the defendant excepted, are set forth in the opinion.

The evidence for the defendant tended to show that the deceased, Jim Jones, came to the house of the defendant, and cursing and abusing the defendant, demanded that he should pay him; that the deceased struck the defendant, and that thereupon they got into a scuffle, and in the fight the defendant struck the deceased with a bottle.

There was evidence introduced for the defendant tending to show his good character.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must not convict the defendant of murder in the first degree." (2.) "If the jury believe the evidence, they can not convict the defendant of murder in either the first or second degree." (3.) "If the jury find from the evidence that deceased at the time the blow was struck was making an assault on the defendant, and that the defendant in resisting such assault, used force not greatly disproportionate to the character of the assault and death accidentally resulted, this would be self-defense, and the

[Williams v. The State.]

jury should acquit him." (4.) "I charge you, gentlemen of the jury, that the bottle used in this case is not *per se* as a matter of law an instrument calculated to produce death, and hence the law does not presume malice from its use." (5.) "If the jury believe the evidence, they must not convict the defendant of murder in the first or second degree, or of manslaughter in the first degree. (6.) "If the jury believe the evidence, they must acquit the defendant." (7.) "If the jury find from the evidence that the deceased at the time the blow was struck was making an assault on the defendant, and that the defendant in resisting the said assault, used force not greatly disproportionate to the character of the assault, and death resulted by misadventure, then the jury should acquit him." (8.) "If the jury believe from the evidence that the defendant did not intend to kill the deceased, but merely employed that force necessary to resist an assault which the deceased was at the time making on him, and death accidentally resulted, and that the defendant did not use a weapon the use of which would reasonably, naturally and ordinarily produce death, then they must find the defendant not guilty." (9.) "If the jury believe from the evidence that the deceased was making an assault on the defendant's person, and that the defendant employed only such force as is ordinarily necessary to resist such an assault, and did not use a weapon, the natural, reasonable and probable result from the use of which is death, then they must acquit the defendant, notwithstanding death did actually ensue." (10.) "If the jury believe that Jim Jones came in John Williams' yard and used obscene and abusive language, and being the aggressor, attacked the defendant, and that the fatal blow was struck with a bottle, picked up on the spur of the moment, without previous selection or preparation, then they should not presume that the defendant struck with malice, from the use of the bottle alone." (11.) "If you believe from all the evidence that only a simple assault was made on the deceased by the defendant, and the blow inadvertently or accidentally resulted in death, and in this event you can only convict the defendant of

manslaughter in the second degree, the defendant being free from fault in bringing on the difficulty."

LEW A. SANDERSON, for appellant.—The court erred in refusing to allow the defendant to show that the State's witness, John Williams, had business relations with the deceased.—*Prince v. State*, 100 Ala. 144.

The court erred in refusing to give the several charges requested by the defendant.—*Hornsby v. State*, 94 Ala. 55; *Harrington v. State*, 83 Ala. 15; *Williams v. State*, 83 Ala. 16; *McKee v. State*, 82 Ala. 39.

MASSEY WILSON, Attorney-General, for the State. The evidence sought to be introduced by the defendant, on the cross-examination of the witness Williams, was incompetent. Such evidence did not show any bias or interest against the defendant.—*Carpenter v. State*, 98 Ala. 31.

The refusal of charges 1 and 2, in reference to murder in the first and second degrees, was error without injury. *Evans v. State*, 109 Ala. 11; *Jarvis v. State*, 138 Ala. 17.

The charges numbered 3, 7, 8 and 9 were erroneous. A charge which pretermits reference to any of the principles of self-defense, on a trial under an indictment for murder, should be refused.—*Matthews v. State*, 136 Ala. 47; *Adams v. State*, 133 Ala. 166.

Charges 4 and 10 have reference to malice on the part of the defendant; and he was convicted of manslaughter, of which malice is not an ingredient. Hence the refusal of these charges was error without injury.—*Hornsby v. State*, 94 Ala. 55.

HARALSON, J.—The defendant was indicted for the murder of James Jones. The witness for the State, John Williams, testified to facts tending to show the guilt of defendant. On his cross-examination by defendant he was asked: "Did you buy any rations from Jim Jones?" And later on he was asked: "If that (the store of deceased) was not where he got his tobacco, sugar and other groceries?" The court sustained objections to these questions, and defendant excepted.

This evidence was sought to be introduced for the purpose of showing interest on the part of the witness against the defendant. The fact that deceased kept a small store, near where the witness lived, and that the witness traded with him in the manner sought to be shown, does not, without more, indicate hostility or prejudice against the defendant—both independent facts, not of themselves implying a bad or revengeful feeling towards defendant, were not allowable.—*Carpenter r. State,* 98 Ala. 32.

Charges 1 and 2 have reference to murder in the 1st and 2d degree. Their refusal was not injurious to defendant, since he was convicted of manslaughter in the first degree.—*Evans v. State,* 109 Ala. 21.

There was no error in refusing charges 3, 7, 8 and 9. Each states that defendant, upon the facts hypothesized, should be acquitted, although under these facts the defendant might have been convicted of manslaughter in the second degree, or of an assault and battery, if he went into the fight willingly, or was at fault in bringing on the difficulty, though he may not have intended to kill deceased, and though the weapon he used was such as would not ordinarily produce death.

Charges similar to these, were approved in *Martin v. State,* 90 Ala. 602; but those charges, as to the same point upon which we condemn the ones mentioned in this case, were erroneous, and must to that extent be overruled.

The 5th charge was properly refused, as there was evidence on which defendant could be convicted of manslaughter in the first degree, which was done.

Charges 4 and 10 have reference to malice on defendant's part. He was found guilty of manslaughter in the first degree, of which malice is not an element; and if erroneous, no injury was done.

Charge 11 assumes that defendant was free from fault in bringing on the difficulty. It is also confused and calculated to mislead. The expression, "and the blow inadvertently and accidentally resulted in death," is not the same as that the blow was inadvertently or accident-

[Gregory v. The State.]

ally *struck,* and death ensued from such inadvertent and accidental striking.

Affirmed.

### *Indictment for Murder.*

