# *Ex Parte* Johnson.

## *Murder.*

(Decided June 30, 1913. 63 South. 73.)

*Homicide; Self-Defense; Duty to Retreat.*—Where the evidence was in conflict as to whether defendant was in danger at the time of the killing, the refusal to charge that if defendant was free from fault in bringing on the difficulty, he was under no duty to retreat unless he could have retreated without increasing his danger, or with reasonable safety, was error to reversal.

(Dowdell, C. J., and Mayfield, J., dissent.)

CERTIORARI to Court of Appeals.

Luther Johnson was convicted of murder. The conviction having been affirmed by the Court of Appeals (8 Ala. App. 14, 62 South. 450), he brings certiorari. Reversed and remanded.

Charge 14 referred to is as follows: "If defendant was free from fault in bringing on the difficulty, he was under no obligation to retreat, unless you believe he could have retreated without increasing his danger, or with reasonable safety."

JAMES J. RAY, NORMAN GUNN, M. L. LEITH, and MAYHALL & STAGNER, for appellant. The appellate court was in error in holding that charge 14 requested by the defendant was properly refused.—*Bluett v. State,* 151 Ala. 41, and cases there cited.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly refused charge 14 on the authority of *Kennedy v. State,* 140 Ala. 1.

MAYFIELD, J.—The majority of the court are of the opinion that charge 14, requested by the defendant,

stated a correct proposition of law applicable to the case, and that its refusal by the trial court was reversible error. The Court of Appeals justified its refusal upon the ground that the evidence was in conflict as to whether defendant was in any danger at the time he shot deceased. This, in our opinion, did not justify its refusal by the trial court.

The charge stating a correct proposition of law which was applicable to the case, the accused could not be deprived of his right to have the jury instructed as requested because the evidence was not without conflict as to whether or not the defendant was in any danger when he killed deceased. There was evidence tending to show that defendant was in great danger, and that he was injured by being cut with a knife in the hands of the deceased at the time of the killing. The jury may have believed this evidence, and hence the law of the charge was applicable, and the accused had the right to have the jury instructed upon the law as to this phase of the evidence. It was not the object or purpose of this charge to state the law as to the kind of danger—whether actual or apparent, great or small— which would excuse failure to retreat or justify self-defense. It did not predicate an acquittal upon any state of facts or of evidence. As was said of a similar charge in *Kennedy's Case,* 140 Ala. 1, 9, 37 South. 90, it does not appear that, on the facts postulated, the defendant had the right to kill or injure the deceased. It does not profess to deal with other elements of self-defense, such as real or apparent danger to life or limb. In *Kennedy's Case* the charge did deal with the character of the danger, as being real or apparent, and not with freedom from fault, or inability to retreat. The charge in this case does not deal with the element of

danger, but with freedom from fault, and inability to retreat.

Charges like the one under consideration and the one in *Kennedy's Case* have often been distinguished from that class or classes of charges held bad, which postulated certain facts and then, on the facts so postulated, requested an acquittal, or that the jury should find so and so. This charge merely correctly states one of the elements of self-defense, as the charge in *Kennedy's Case* stated another. The distinction between charges of these two classes has been frequently pointed out by this court. See *Millender's Case,* 155 Ala. 17, 20, 46 South. 756. Charges practically like this—in fact, almost copies, word for word—have been frequently held to be proper charges by this court, and their refusal held to be reversible error. And in those cases, as in this, the jury had the right to find that the accused was not in danger when he killed the deceased. See *Bluett's Case,* 151 Ala. 41, 44 South. 84, and *Deal's Case,* 136 Ala. 55, 34 South. 23. In the last-mentioned case Justice Sharpe says: "In view of the whole evidence, and especially of that phase of it favoring the defense, the defendant was entitled to have the jury instructed as proposed by charge 12, that "if the defendant was free from fault in bringing on the difficulty, then he was under no duty to retreat, unless you believe he could have retreated without increasing his danger, or with reasonable safety.' " This case clearly decides that the defendant had the right to this charge upon his own phase of the evidence. In *Bluett's Case* and in *Deal's Case* there was evidence from which the jury could find that defendant was not in any danger. The court, in the opinion in the latter case, says the only evidence of an attack with a knife made by Hatcher had relation to a time preceding the difficulty in which the defendant cut him.

[Ex Parte Bozeman.]

We find no other reversible errors, but as to the one pointed out the judgment and decision of the Court of Appeals must be reversed.

Reversed and remanded.

MAYFIELD, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. DOWDELL, C. J., and MCCLELLAN, J., dissent.