# Stinson *v.* The State.

## *Larceny.*

(Decided January 22, 1914.  64 South. 507.)

*Charge of Court; Bias of Witnesses.*—A charge asserting that if any of the state's witnesses have exhibited prejudice or anger against defendant, and satisfied you that they had not testified truly, and are not worthy of belief, and you think their testimony should be disregarded, you may disregard it entirely, states a correct proposition of law, and not being abstract under the evidence in this case, was erroneously refused.

APPEAL from Shelby County Court.

Heard before Hon.. E. S. LYMAN.

Furman Stinson was convicted of petit larceny, and appeals. Reversed and remanded.

Charge 1 is as follows: "The court charges the jury that if any of the state's witnesses have exhibited prejudice or anger against defendant, and satisfied you that they have not testified truly, and are not worthy of belief, and you think their testimony should be disregarded, you may disregard it altogether."

RIDDLE & ELLIS, for appellant. Counsel discuss exceptions to evidence with citation of authority, but in view of the opinion it is not deemed necessary to here set them out. They insist that charge 1 should have been given on the following authorities, as under the evidence in this case, it was not abstract.—*Adams v. State,* 57 South. 591; *Jackson v. State,* 57 South. 596; *Naugher v. State,* 60 South. 459.

R. C. BRICKELL, Attorney. General, and T. H. SEAY, Assistant Attorney General, for the State. So far as the record is concerned charges 1 and 2 were abstract and properly refused.—*Jackson v. State,* 57 South. 594.

PELHAM, J.—Charge No. 1 reqested in writing by the defendant and refused by the court is not covered by any written charge given at the instance of the defendant, and states a correct legal proposition as applied to the evidence in the case—that is, it is not abstract—and the principle it asserts has often been approved, more than once in the exact language of this charge.—*Adams v. State,* 175 Ala. 8, 57 South. 591; *Naugher v. State,* 6 Ala. App. 3, 60 South. 458; *Hammond v. State,* 147 Ala. 79, 41 South. 761; *Burkett v. State,* 154 Ala. 19, 45 South. 682; *Chestnutt v. State,* 7 Ala. App. 72, 61 South. 609.

There are other refused charges set out in the bill of exceptions, some of them embodying the same, or practically the same, proposition as charge No. 1; but we do not deem it necessary to discuss these charges or the ruling on the evidence, as they are not matters that will probably enter into another trial.

For the error pointed out, in refusing to give the charge discussed, the judgment of the trial court must be reversed.

Reversed and remanded.