# CASES

## IN THE

# SUPREME COURT OF ALABAMA

### OCTOBER TERM, 1916-17

---

## Nearer v. The State.

### Murder.

(Decided June 30, 1916. Rehearing denied December 30, 1916.
73 South. 429.)

1. **Homicide; Evidence.**—The evidence examined and held sufficient to sustain the verdict, and therefore that defendant was not entitled to an instructed verdict.

2. **Same; Premeditation.**—Premeditation is not a necessary ingredient of second degree murder.

3. **Same.**—A charge asserting that defendant could not be convicted unless his act was deliberate and premeditated, was refused without error, as these elements were not necessary to constitute murder in the second degree.

4. **Same.**—A charge asserting that defendant could not be found guilty of murder in the first degree, if he and deceased were equally responsible in bringing on the difficulty, was not only misleading, but was invasive of the province of the jury.

5. **Same.**—A charge that the burden was on defendant to establish his defense by a preponderance of the evidence, but that defendant should be acquitted if the jury had a reasonable doubt as to whether he acted in self defense, was faulty in failing to hypothesize the elements of self defense, and so submitted a legal question to the jury.

6. **Same.**—A charge asserting that if the jury believed that deceased and defendant were both drinking, and that while under the influence of whisky they both quarreled, and defendant honestly thought his life was in danger, then he had a right to strike deceased, and cannot be found guilty, was properly refused.

APPEAL from Escambia Circuit Court.

Heard before Hon. A. E. GAMBLE.

Jesse, alias Bud, Nearer, was convicted of murder in the first degree, and sentenced to be hanged, and he appeals. Affirmed.

1—198

[Nearer v. The State.]

The boy Clements was found dead with the front part of his skull crushed in, and near him was a twisted iron pipe. All the evidence for the state consisted of confessions and statements of defendant as to how the killing occurred, and it involved no element of self-defense, but it appeared that the lick was struck to stop Clements from quarreling with and cursing defendant. The statement made by defendant while on the stand was that he and Clements began to quarrel about some beer, Clements accusing him of stealing some of the beer and cursing him and abusing him, and that just before he hit Clements Clements reached back that way like he was going to get his gun, which was leaning on some bushes just in the rear of where Clements was standing. The following charges were refused defendant:

(1) Affirmative charge not to find defendant guilty of murder.

(2) Deliberation and premeditation are necessary ingredients to first degree murder, and if, upon consideration of the evidence, the mind of the jury or any member of the jury is left in a state of reasonable doubt and uncertainty as to the act of defendant being deliberate and premeditated, defendant must be given the benefit of the doubt, and you cannot find him guilty of murder.

(6) If from the evidence the jury believe that defendant and deceased were equally responsible in bringing on the difficulty, and as a consequence of the difficulty deceased received his death blow, then defendant cannot be found guilty of murder in the first degree.

(16) The burden of proof is not on defendant to establish self-defense by a preponderance of the evidence, but if all the evidence in the case raises in the mind of the jury a reasonable doubt as to whether or not defendant acted in self-defense, they must find him not guilty.

(18) If the jury believe that deceased and defendant were both drinking, and that while under the influence of whisky they quarreled, and defendant honestly thought that his life was in danger, then he had a right to strike deceased and you cannot find him guilty of murder.

STEPHEN A. DOUGLASS, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

[Nearer v. The State.]

ANDERSON, C. J.— (1) There was ample evidence from which the jury could find the defendant guilty of murder, and there was no error in refusing his requested charge 1.

(2, 3) Defendant's requested charge 2, if not otherwise bad, instructed that defendant could not be convicted of murder unless his act was deliberate and premeditated. Premeditation is not a necessary ingredient of murder in the second degree.— *Strickland v. State,* 151 Ala. 31, 44 South. 90.

(4) Defendant's refused charge 6 was properly refused. It is not only misleading, but invades the province of the jury, in instructing that the defendant cannot be found guilty of murder in the first degree, notwithstanding he was equally at fault with the deceased in bringing on the difficulty. If he was equally at fault in bringing on the difficulty, then he was not free from fault, and the jury had the right to determine from all the evidence whether or not the defendant was guilty of murder in the first degree, although the deceased may have also been equally at fault in bringing on the difficulty.

(5) There was no error in refusing defendant's requested charge 16. It submitted a question of law to the jury. It should have hypothesized the elements of self-defense.—*Gaston v. State.* 161 Ala. 37, 49 South. 876; *Greer v. State,* 156 Ala. 15, 47 South. 300.

(6, 7) Defendant's refused charge 18 was bad. The mere fact that deceased and defendant were both drinking and under the influence of liquor did not render the defendant guiltless of murder, although he may have honestly thought that his life was in danger. He may have provoked the deceased with the intent to murder him, though he honestly thought his life was in danger at the time of inflicting the fatal blow.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur, except SAYRE, J., not sitting.