## COLE v. STATE. (6 Div. 201.)

(Court of Appeals of Alabama. April 17, 1917.)

1. HOMICIDE ⊙⟾118(1)—DEFENSES—SELF-DEFENSE—DUTY TO RETREAT.

Where defendant and deceased were at the time of the homicide guests at the house of another, in so far as the law of self-defense is concerned, they were on equal footing, and if the deceased assaulted the defendant, and thus endangered his life, it was defendant's duty to retreat if he could do so with safety, and thus avoid taking the life of his assailant, although he was free from fault in bringing about the condition that imperiled his life or limb.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 168.]

2. HOMICIDE ⊙⟾308(5)—TRIAL—INSTRUCTIONS.

Where an indictment was for murder in the second degree, there was no necessity for the court to charge murder in the first degree; but it was not improper to do so, as an incident to stating the elements of murder in the second degree.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 646.]

3. HOMICIDE ⊙⟾340(4)—REVIEW—HARMLESS ERROR.

Where the conviction was for murder in the second degree, the refusal of charges on murder in the first degree was not prejudicial error.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 720.]

4. HOMICIDE ⊙⟾309(6)—TRIAL—INSTRUCTIONS.

Where the evidence shows that the defendant intentionally shot the deceased and killed him, the refusal of charges on the elements of manslaughter in the second degree was not error.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 655.]

---

5. HOMICIDE ⬤➡146 — QUESTION FOR JURY — MALICE.

The use of a deadly weapon in committing a homicide authorizes an inference to be drawn by the jury that the element of malice was present.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 265–271.]

6. HOMICIDE ⬤➡146 — QUESTION FOR JURY — MALICE.

Where it is shown that a homicide was accomplished by the intentional use of a deadly weapon, and the evidence necessarily relied on to sustain the charge has no tendency to rebut the presumption, the presumption of law is that the killing was malicious.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 265–271.]

7. WITNESSES ⬤➡344(2)—IMPEACHMENT—SPECIFIC DELINQUENCIES.

It is not permissible to show that the witness, before her marriage to deceased, had given birth to a child, as specific delinquencies cannot be shown for the purpose of impeaching a witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1125.]

8. CRIMINAL LAW ⬤➡368(3)—EVIDENCE—ADMISSIBILITY—RES GESTÆ.

An exclamation of defendant's wife, if co-incident with the firing of the shot that caused the death of the deceased, and if it was produced by and instinctive upon the occurrence, rather than a retrospective narrative, although she was not immediately present, was of the res gestæ, and was properly admitted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 821.]

9. WITNESSES ⬤➡274(1) — EXAMINATION — CHARACTER WITNESS.

The question asked a character witness, on cross-examination predicated on what some of the evidence for the state tended to show had occurred at the time of the homicide, as to the use of abusive language in the presence of deceased's wife, was improper.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 965.]

10. CRIMINAL LAW ⬤➡1170½(3)—APPEAL AND ERROR—HARMLESS ERROR.

As such question was not answered, the overruling of the objection was without injury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3131.]

11. WITNESSES ⬤➡344(1) — IMPEACHMENT IN OTHER CASES.

Objections to the questions asked a witness with reference to his impeachment as a witness in other cases should have been sustained.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1125.]

12. CRIMINAL LAW ⬤➡1172(2)—APPEAL AND ERROR—REVERSIBLE ERROR.

Under Code 1907, § 5362, providing that the court may state to the jury the law of the case, and may also state the evidence where same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties, if the evidence is in dispute, or affords conflicting inferences, it is reversible error to charge on the effect of the evidence in the oral charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3155.]

13. CRIMINAL LAW ⬤➡763, 764(23) — TRIAL — INSTRUCTIONS.

An instruction that "I charge you, then, that if you believe from the evidence, beyond a reasonable doubt, that this defendant used the language that was testified to that he did use,

speaking with reference to the dogs and those people—it is unnecessary to repeat the epithet that was used, the vulgarity that was used, you gentlemen remember it—I charge you, then, and it was done in the presence of the wife of the deceased, as being used in the presence of his wife, and if that produced the difficulty, I charge you that this defendant was at fault, and then the protection of self-defense falls," was violative of Code 1907, § 5362 and invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731.]

14. CRIMINAL LAW ⬤➡763, 764(23)—TRIAL—INSTRUCTIONS.

An instruction that "another element that goes to make up self-defense need not be considered, because, if he [defendant] was at fault in bringing on the difficulty, by the language that he used, and used in the presence of the wife of the deceased, the deceased was not at fault in bringing on the difficulty by using it," was violative of Code 1907, § 5362, and invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731.]

15. CRIMINAL LAW ⬤➡763, 764(23)—TRIAL--INSTRUCTIONS.

An instruction that "I charge you that if, from the evidence, you believe beyond a reasonable doubt that he (defendant) took the pistol, that he says was a pistol of his father-in-law, that he had cleaned up, and he carried that pistol out there with the purpose of using it, should it become necessary for him to use it in defense of himself, and he did use it in compliance with the preconceived purpose of using it, should it become necessary, he would be guilty," was an invasion of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731.]

16. CRIMINAL LAW ⬤➡763, 764(23)—TRIAL—INSTRUCTIONS.

An instruction that, if "this rock was thrown by the deceased, as testified to by this defendant, and that it was afterwards that he had used in the presence of the wife, in response to the words it was testified he used, when the deceased told him he was tired of it, and then fired upon him, I charge you that he would be guilty, because he was not free from fault in bringing on the difficulty," was an invasion of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731.]

17. CRIMINAL LAW ⬤➡763, 764(23)—TRIAL—INSTRUCTIONS.

An instruction that, "if deceased threw the rock at him, and the rock missed him, and he was standing there unarmed, having thrown the rock, and this man was standing, this defendant was standing, with the pistol in his hand, and he fired upon him, then he would be guilty, would be no self-defense in that," was an invasion of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731.]

18. CRIMINAL LAW ⬤➡763, 764(23)—TRIAL—INSTRUCTIONS.

In a homicide case, an instruction, "Now, I charge you that if, from this evidence, you believe beyond a reasonable doubt that the rock was thrown, and even though * * * without his [defendant] having made the least removal, and then he fired upon him [deceased] when he had him in his power, he would be guilty," was violative of Code 1907, § 5362, and invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731.]

**19. HOMICIDE ☞300(14) — TRIAL — INSTRUCTIONS.**

Such instructions also ignored defendant's right, if the surrounding circumstances at the time of the homicide were such as to impress a reasonable man that the defendant was in imminent danger of losing his life or suffering grievous harm, and he in fact honestly so believed, to defend himself against such peril.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 629.]

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

H. W. Cole was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Erle Pettus, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. The defendant killed Daniel F. Tillerson and was convicted of murder in the second degree. The evidence shows that both the deceased and defendant were guests of J. R. Tillerson, the father of the deceased and father-in-law of the defendant; that the homicide occurred in the evening between 6 and 7 o'clock in the front yard of J. R. Tillerson's residence. The defendant invoked the doctrine of self-defense, and offered evidence tending to sustain the old worn-out theory that the deceased, after throwing a stone at the defendant, moved his hand in the direction of his pistol pocket, and defendant fired one shot, which struck the deceased in the temple and caused his death, and it was afterwards discovered that deceased was unarmed.

[1] Among other matters complained of is the refusal of special charges asserting that the circumstances surrounding the defendant at the time of the homicide relieved him from the duty of retreating, on the theory that he was a guest of J. R. Tillerson, and had the right to stand his ground in the front yard and defend himself, even to the taking of the life of his assailant. These charges were properly refused. While the evidence shows that defendant and his wife were the house guests of J. R. Tillerson for the week-end, it also shows, or tends to show, that the deceased and his wife were visitors of said J. R. Tillerson, and that deceased was also a guest, and there is no doubt that the defendant and the deceased, in so far as the law of self-defense is concerned, were on equal footing; and if one assaulted the other, and thus endangered his life, it was the duty of the one so assaulted to retreat if he could do so with safety, and thus avoid taking the life of his assailant, although he was free from fault in bringing about the condition that imperiled his life or limb. Thomas v. State, 13 Ala. App. 50, 69 South. 315; McGhee v. State, 178 Ala. 4, 59 South. 573.

[2, 3] The indictment was for murder in the second degree, and there was no necessity for the court to charge on murder in the first degree; but it was not improper to do so as an incident to stating the elements of murder in the second degree. Furthermore, the conviction was for murder in the second degree, and the refusal of charges as to murder in the first degree resulted in no injury to appellant. Bluett v. State, 151 Ala. 54, 44 South. 84; Gregory v. State, 148 Ala. 566, 42 South. 829; Underwood v. State, 179 Ala. 9, 60 South. 842.

[4] The undisputed evidence shows that the defendant intentionally shot the deceased and killed him, and charges as to the elements of manslaughter in the second degree were refused without error. Thomas v. State, 126 Ala. 4, 28 South. 591; Hunt v. State, 135 Ala. 1, 33 South. 329; Jones v. State, 174 Ala. 85, 57 South. 36.

[5] It is well settled that the use of a deadly weapon in committing a homicide authorizes an inference to be drawn by the jury that the element of malice was present. Newsom v. State, 15 Ala. App. 43, 72 South. 579; Jones v. State, 13 Ala. App. 10, 68 South. 690.

[6] Where it is shown that the killing was accomplished by the intentional use of a deadly weapon, and the evidence necessarily relied on to sustain the charge has no tendency to rebut the presumption, the presumption of law is that the killing was malicious. Newsom v. State, supra; Jones v. State, supra; Hornsby v. State, 94 Ala. 66, 10 South. 522.

The defendant requested 81 special charges, 49 of which were given, and the others refused. Those undertaking to state the doctrine of "apparent necessity" to take life to save from grievous harm or death pretermit either that the defendant entertained an honest belief that he was in peril or that the circumstances must be such as to impress a reasonable man situated as the defendant was that he was in such peril. Thomas v. State, supra; Matthews v. State, 192 Ala. 1, 68 South. 334. And the other refused charges either ignored the principles above, pretermitted defendant's freedom from fault, gave undue prominence to certain phases of the evidence, were invasive of the province of the jury, or argumentative.

[7] It was not permissible to show that the witness Mrs. Duke, before her marriage to deceased, had given birth to a child. Specific delinquencies cannot be shown for the purpose of impeaching a witness. Smith v. State, 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; Story v. State, 178 Ala. 98, 59 South. 480; Terry v. State, 15 Ala. App. 665, 74 South. 756; Underhill's Criminal Evidence, § 351.

[8] The exclamation of Mrs. Cole, if coincident with the firing of the shot that caused the death of deceased, produced by and instinctive upon the occurrence, rather than a retrospective narrative, although she was not immediately present, was of the res gestæ, and was properly admitted. Lundsford v. State, 2 Ala. App. 38, 56 South. 89.

[9, 10] The question asked the character witness McAdory on cross-examination predicated on what some of the evidence for the state tended to show, had occurred at the time of the homicide, as to the use of abusive language in the presence of deceased's wife, was improper. Way v. State, 155 Ala. 52, 46 South. 273. The question, however, was not answered and the overruling of the objection was without injury. There was no exception to the remark of the court expressing his opinion as to the character of the defendant, predicated on the assumed state of facts.

[11] The objections to the questions asked the witness Ed Parker with reference to his impeachment as a witness in other cases should have been sustained.

[12] Section 5362 of the Code provides:

"The court may state to the jury the law of the case, and may also state the evidence when same is disputed, *but shall not charge upon the effect of the testimony,* unless required to do so by one of the parties."

And if the evidence is in dispute, or affords conflicting inferences, it is reversible error for the court to charge on the effect of the evidence in the oral charge. Will Doby v. State, 15 Ala. App. 591, 74 South. 724; L. & N. R. R. Co. v. Godwin, 191 Ala. 498, 67 South. 675; Mayer v. Thompson-Hutchison Co., 116 Ala. 634, 22 South. 859.

[13-19] The court, in the' oral charge, instructed the jury:

(1) "I charge you, then, that if you believe from the evidence, beyond a reasonable doubt, that this defendant used the language that was testified to that he did use, speaking with reference to the dogs and those people—it is unnecessary to repeat the epithet that was used, the vulgarity that was used, you gentlemen remember it—I charge you, then, and it was done in the presence of the wife of the deceased, as being used in the presence of his wife, and if that produced the difficulty, I charge you that this defendant was at fault, and then the protection of self-defense falls."

(2) "Another element that goes to make up self-defense. need not be considered, because, if he was at fault in bringing on the difficulty, by the language that he used, and used in the presence of the wife of the deceased, the deceased was not at fault in speaking to him about using such language, but he was at fault in bringing on the difficulty by using it."

(3) "I charge you that if, from the evidence, you believe beyond a reasonable doubt, that he took the pistol that he says was a pistol of his father-in-law, that he had cleaned up, and he carried that pistol out there with the purpose of using it, should it become necessary for him to use it in *defense of himself,* and he did use it in compliance with the preconceived purpose of using it, should it become necessary, he would be guilty."

(4) "I charge you that, if this rock was thrown by the deceased, as testified to by this defendant, and that it was afterwards that he had used in the presence of the wife, in response to the words it was testified he used, when the deceased told him he was tired of it, and then fired upon him, I charge you that he would be guilty, because he was not free from fault in bringing on the difficulty."

(5) "I charge you that, if deceased threw the rock at him, and the rock missed him, and he was standing there unarmed, having thrown the rock, and this man was standing, this defendant was standing with the pistol in his hand, and he fired upon him, then he would be guilty, would be no self-defense in that."

(6) "Now, I charge you that if, from this evidence, you believe beyond· a reasonable doubt that the rock was thrown, and that even though the rock was thrown without his having made the least removal, and then he fired upon him when he had him in his power, he would be guilty."

The excerpts to which exceptions were reserved are charges on the effect of the evidence in violation of the statute, are invasive of the province of the jury, ignoring the right of the defendant, if the circumstances surrounding him at the time of the homicide were such as to impress a reasonable man that the defendant was in imminent danger of losing his life or suffering grievous harm, and he in fact honestly so believed, to defend himself against such peril.

Reversed and remanded.