(105 So. 583)

### GRUBBS v. STATE. (8 Div. 759.)

(Supreme Court of Alabama. June 18, 1925. Rehearing Denied Oct. 22, 1925.)

I. Homicide ⊙⟹300(7)—Requested charges that if deceased made murderous attack defendant was under no duty to retreat properly refused as not justified by evidence.

In a prosecution for murder, requested charges that if deceased was making murderous attack on defendant or it reasonably appeared so, then defendant was under no duty to retreat, but could repel attack, held properly refused, where evidence failed to show an assault by deceased but at most a hostility demonstrated by throwing hand in pocket.

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law ⬤⇒789(16)—Requested charge to acquit if reasonable possibility of defendant's innocence properly refused.**

In a prosecution for murder, a requested charge that if there is a reasonable possibility of defendant's innocence to acquit was properly refused because of words "possibility of defendant's innocence."

**3. Homicide ⬤⇒341 — Refusal of charge relating to murder in first degree, of which defendant was acquitted, not reversible error.**

In a prosecution for murder, refusal of charge relating to murder in first degree, of which defendant was acquitted, was not reversible error.

**4. Homicide ⬤⇒300(15)—Where defendant claimed to be acting in self-defense, refusal of charges omitting element of retreat not error.**

In a prosecution for murder, where defendant claimed he acted in self-defense, refusal of requested charges omitting element of retreat was not error.

**5. Criminal law ⬤⇒824(4)—Failure to charge must be met by request.**

In prosecution for murder, where court charged that defendant must have retreated if he had reasonable mode of retreat, and it was duty to show he had no reasonable mode of escape, failure to state that mode of escape was known or apparent to defendant or practicable was not reversible error, since if defendant desired further instructions they should have been requested.

**6. Witnesses ⬤⇒233—Objection to question as to action of deceased before homicide properly sustained.**

In a prosecution for murder, objection to question whether defendant's son told him deceased was "hanging around" at foot of defendant's steps was properly sustained, since it failed to indicate hostile manner, and was uncertain and indefinite as to time.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Solon Grubbs was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused to defendant:

"(3) I charge you, gentlemen of the jury, if there is from the evidence a reasonable possibility of defendant's innocence, then you must acquit the defendant."

"(15) In considering the duty of the defendant to retreat, you may determine from the evidence in the case whether at the time it was practicable to do so without increasing his danger. And if you find from the evidence that at the time of the firing of the fatal shot the deceased was making an attack upon him with a desire and intention of taking his life, or it reasonably appeared to the defendant, and he honestly so believed, and if you find these facts and find from them that ultimate safety could not be secured to the defendant by attempting to retreat, then I charge you that the defendant was without fault in bringing treat."

"(25) The court charges the jury that if they believe from the evidence in this case that the defendant was under no duty to reing on the difficulty, and that at the time of firing of the fatal shot defendant honestly and reasonably believed the deceased was about to make a murderous attack upon him in such manner as to immediately imperil his life, the defendant was under no duty to retreat and was authorized under the law to stand his ground and repel such murderous attack by taking the life of the deceased if it reasonably appeared and he honestly believed it to be necessary to preserve his own life or his body from grievous harm."

Wert & Hutson and W. W. Callahan, all of Decatur, for appellant.

Where the person slain made a sudden, murderous attack upon defendant in such manner as immediately to imperil the life of defendant, the defendant would be under no duty to retreat, if he was free from fault in bringing on the difficulty. Charge 25 is a correct proposition of law, and should have been given. Madison v. State, 196 Ala. 590, 71 So. 706; Storey v. State, 71 Ala. 329; Matthews v. State, 192 Ala. 1, 68 So. 334; Beasley v. State, 181 Ala. 28, 61 So. 259. If there was no reasonable mode of escape known to defendant, he was under no duty to retreat. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; Brewington v. State, 19 Ala. App. 409, 97 So. 763; Holmes v. State, 100 Ala. 80, 14 So. 864; Lee v. State, 92 Ala. 15, 9 So. 407, 25 Am. St. Rep. 17; Henderson v. State, 77 Ala. 77; Smith v. State, 183 Ala. 10, 62 So. 864; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A. L. R. 509; Carroll v. State, 12 Ala. App. 69, 68 So. 530; Love v. State, 17 Ala. App. 149, 82 So. 639; Carter v. State, 82 Ala. 14, 2 So. 766, 18 A. L. R. 1280; 1 Mayfield's Dig. 84; 30 C. J. 68; 13 R. C. L. 824.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 25, refused to defendant, is faulty in seeking to exempt defendant from the necessity to retreat merely because he believed deceased was about to make an attack upon him. White v. State, 209 Ala. 546, 96 So. 709. A charge using the words "possibility of innocence" is bad. Edwards v. State, 205 Ala. 160, 87 So. 179. There was no error in the oral charge of the court. If it needed amplification, it was the duty of defendant to request further instruction. 4 Michie's Ala. Dig. 468.

GARDNER, J. This appeal is from a judgment of conviction for murder in the second degree with punishment fixed at 25 years' imprisonment.

Defendant shot the deceased, one Henry

Horton, several times with a pistol while deceased was standing on the streets of Albany, Ala., in front of the Central National Bank. The defendant sought to justify upon the doctrine of self-defense. The evidence for the state tended to show that deceased, at the time he was killed, made no hostile demonstration towards defendant, while the defendant testified that deceased "threw his hand into his pocket, and commenced drawing something, and it looked to him like the deceased had hold of the barrel of a pistol."

[1] Counsel lay much stress for a reversal upon the refusal of charge 25 requested by defendant. It is of course conceded that the general rule of self-defense requires that the defendant retreat if he can do so without increasing his peril, but it is insisted that this charge was drawn to come within the influence of the case of Storey v. State, 71 Ala. 329, considering an exception to that rule where the assault by deceased was "manifestly felonious in its purpose and forcible in its nature." The Storey Case, supra, has received comment and explanation in the case of Matthews v. State, 192 Ala. 1, 68 So. 334, as likewise the case of Beasley v. State, 181 Ala. 28, 61 So. 259. See, also, Madison v. State, 196 Ala. 590, 71 So. 706; White v. State, 209 Ala. 546, 96 So. 709. In commenting upon this exception to the general rule, this court, in the Matthews Case, supra, said:

"The exception mentioned is where the party slain by the defendant made a sudden, entirely unprovoked, murderous attack upon the defendant; the assailant being then armed with a deadly weapon, and in the very act of effecting upon the defendant such murderous purpose. In such case, where the evidence is clear and without conflict or adverse inference the law concludes that no duty to retreat rests on the defendant—its theory being that, under the circumstances, retreat would not serve the humane purpose the law intends to subserve by its exaction of one, wholly without fault in the premises, unless immediately and suddenly menaced by an adversary."

In the instant case there was no assault, but, at most, according to defendant's theory, a hostile demonstration by throwing the hand to the pocket. The charge in question excuses from the duty to retreat, under these circumstances, merely upon the belief of defendant that deceased was about to make a murderous attack upon him. In the light of the evidence in this case and the rule announced in the Matthews Case, supra, it appears therefore that charge 25 was properly refused, and so likewise charge 15. Charges 5 and 6, refused to defendant, were affirmative charges, and their refusal calls for no discussion.

[2] The use of the words "possibility of defendant's innocence" in refused charge 3 suffices for its condemnation. Edwards v. State, 205 Ala. 160, 87 So. 179.

[3-5] Charge 7 relates to murder in the first degree, of which defendant was acquitted. Refused charges 18 and 20 omit the element of retreat. Exceptions reserved to portions of the oral charge of the court rest upon the insistence that, in referring to the doctrine of retreat, the court failed to further state that the mode of escape (qualified in some of the language of the charge as reasonable mode of escape), was apparent to defendant, or available by the exercise of reasonable prudence, or was practicable, counsel citing, among other authorities, Lee v. State, 92 Ala. 15, 9 So. 407, 25 Am. St. Rep. 17; Henderson v. State, 77 Ala. 77; Holmes v. State, 100 Ala. 80, 14 So. 864; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A. L. R. 509; Smith v. State, 183 Ala. 10, 62 So. 864; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; Brewington v. State, 19 Ala. App. 409, 97 So. 763; 13 R. C. L. 824. The expressions excepted to are frequently found in our reported cases in discussions of the doctrine of retreat, and the objections thereto disclose that the instructions merely needed amplification, but were not erroneous, and if defendant desired further instructions, as indicated, charges to that effect should have been requested. We do not find, therefore, reversible error in the exception to the oral charge.

In response to the able and earnest argument of counsel for appellant, on application for rehearing upon the question presented by the exceptions to the oral charge, we have again given this question careful consideration, but we still entertain the view our original conclusion as hereinabove stated is correct. The first exception is to the following language of the court:

"He must have retreated if he had a reasonable mode of retreating."

Another exception to the following:

"The duty is in the defendant to show to the jury that he was in real or apparent danger, and had no reasonable mode of escape."

The argument is based upon the theory that this language places upon the defendant an undue burden of proof, in that the qualification should have been added that such mode of escape was open to defendant, known or apparent, and practicable under all the circumstances.

In addition to the above cited cases, we are cited also to Carter v. State, 82 Ala. 13, 2 So. 766; Keith v. State, 97 Ala. 32, 11 So. 914; Carroll v. State, 12 Ala. App. 69, 68 So. 530; 30 Corpus Juris, 68; 13 R. C. L. 827; 18 A. L. R. 1280, among other authorities. We have decided nothing contrary to these authorities, but the holding in effect was that the language is to be construed as understood to embrace the fact that the mode of escape was open to defendant. As said in 13 R. C. L. supra:

"Whatever verbal differences there, may be respecting the abstract duty of a person to retreat when attacked, the authorities all agree that the element of practicability is always to be considered."

We are in accord with the Court of Appeals in Carroll v. State, supra, in commenting upon the expression "reasonable mode of escape," where in this connection it is said, "Unless this mode of escape was known or apparent to him, and the circumstances were. such that he could avail himself of it without increasing his peril, it can not be said that he had a reasonable mode of escape without danger," and it was held that the only criticism of the charge there under consideration using the above noted expression, was that it may have "possessed slight misleading tendencies."

Reference to the case of Carter v. State, supra, further demonstrates that the idea that the mode of escape must be open to defendant is embraced in the language of charges of similar character here under consideration. Note charge 1, given at the request of the state, set out in the statement of the case, and which met the approval of the court.

The case of Brewington v. State, 19 Ala. App. 409, 97 So. 763, did not involve the language of the oral charge here considered, "reasonable mode of escape," and there is no occasion to here review that decision and pronounce any conclusion thereon. But we forego further discussion, as we are convinced of the correctness of our original conclusion and adhere thereto.

[6] Defendant offered proof to show a previous difficulty with deceased. Defendant at the time of the fatal shooting was boarding at a café in the city on Moulton street, which street was a block north of the Central National Bank. The state's objection was sustained to the question propounded to defendant as to whether or not shortly before the killing his son told him he had seen deceased "hanging around" at the foot of defendant's steps. There was nothing in the question to indicate any hostile manner, but only the presence of deceased on the sidewalk at that particular place, and the question is also uncertain and indefinite as to the time when deceased was said to have been seen at that place. We are of the opinion no reversible error is made to appear in this ruling.

We have here considered those questions deemed of sufficient importance for discussion by counsel. The few remaining questions have been considered, but they do not require separate treatment. We find no reversible error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.