(115 So. 763)

**MATTHEWS v. STATE.** (8 Div. 677.)

Court of Appeals of Alabama.   March 13, 1928.

Proctor & Snodgrass, of Scottsboro, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. █ The first and second grounds of the motion for a new trial raise the question as to the sufficiency of the evidence to sustain the verdict. There was a quarrel, an altercation, one-half gallon of whisky, a pistol in the hands of defendant, two shots from the pistol, and a dead man. Who was at fault in bringing on the difficulty was in dispute, the ability of the defendant to retreat without apparently increasing his peril, and the impending peril of defendant and necessity to take life to protect his own, were all questions for the jury and properly submitted to them by the court. The trial judge refused to grant a motion for a new trial on the grounds stated. There is no such case presented here as will authorize us to disturb his finding.

█ Refused charge 5 pretermits a consideration of all the evidence and for that reason is bad.

█ Refused charge 7 is not substantially different from refused charge 9 in Martin's Case, 90 Ala. 602–605, 8 So. 858, 24 Am. St. Rep. 844, in which case the Supreme Court held the charge to be good, but this case is overruled. William's Case, 140 Ala. 10, 37 So. 228, and we have found no other decision holding to this view, and appellant's counsel have cited us to none. On the contrary, the charge completely ignores the doctrine of freedom from fault and retreat which are held to be necessary in such charges. Cotten v. State, 91 Ala. 106, 9 So. 287; Kirby v. State, 89 Ala. 63, 8 So. 110; Blackburn v. State, 86 Ala. 595, 6 So. 96; Sanders v. State, 105 Ala. 4, 16 So. 935.

█ Where there is evidence tending to show that a defendant was not free from fault in bringing on the difficulty which resulted in the homicide, although the preponderance of the evidence is to the contrary, charges asked involving the doctrine of self-defense, which ignore the question of freedom from fault, are properly refused. Carter v. State, 82 Ala. 13, 2 So. 766; Ford v. State, 71 Ala. 385; Prior v. State, 77 Ala. 56; Jackson v. State, 81 Ala. 33, 1 So. 33; Baker v. State, 81 Ala. 38, 1 So. 127.

█ Refused charge 10 was manifestly bad. The facts in this case are not such as to excuse the defendant from the duty to retreat as a question of law. Under the facts as testified to that question was for the jury and was so submitted.

██ It is insisted that refused charge (1) states the law of this case correctly and that its refusal was error. It is admitted and is a fact that the court had covered the law as stated in the first part of the charge in its general instructions, but it is insisted, as in the last clause of the charge; i. e.:

"And if the defendant acted under such conditions and circumstances as above set forth, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit the defendant."

The vice of this charge lies in the demand for an acquittal upon a failure of proof by the state that defendant was not free from fault in bringing on the difficulty. The defendant may have been free from fault in bringing on the difficulty, and yet if he used more force than was necessary in repelling the attack he would not be entitled to an acquittal. As in the case at bar, the defendant may have been free from all fault in provoking the difficulty, yet if the assault was being made upon him with bare fists, he would not be justified in using a pistol or other deadly weapon. The assault might justify a reduction of the homicide from murder to manslaughter, but not to an acquittal.

█ Refused charge 9 has many times been held to be a good charge, and its refusal constitutes reversible error, unless the law as therein stated is fairly covered by the court, either in its oral charge, or written charges given at the request of defendant. Thomas v. State, 18 Ala. App. 493, 93 So. 287, and au-

thorities there collated. The same may be said of refused charge 14. In this case the court carefully, fully, and fairly charged the jury as to every phase of self-defense, including the burden of proof, and this part of the court's oral charge covered refused charges 9 and 14. Where this is the case no reversal may be predicated upon their refusal.

We find no error in the record, and the judgment is affirmed.

Affirmed.