(136 So. 871)

# LOVELADY v. STATE.

## 8 Div. 306.

Court of Appeals of Alabama.
Aug. 4, 1931.

As Modified on Denial of Rehearing Oct. 6, 1931.

Lynne & Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

The defendant, a boy seventeen years old, and weighing 110 pounds, was indicted for the killing of another boy twenty-one years old and weighing 160 pounds, by stabbing him with a knife. The boys had been friends and associates from infancy, but on the day of the homicide there was a half-gallon fruit jar of whisky; the big boy drank some of it, a falling out between the friends, an as- sault by the dead boy, and the stabbing by the defendant, from which the deceased died.

For the purposes of this opinion, it will be unnecessary to set out the evidence. It will suffice to say that the evidence for the state tended to prove a case of man- slaughter, if no higher degree, while the evi- dence for defendant tended to prove a clear case of self-defense, which would justify the homicide. These were all questions for the jury, and, as the affirmative charge is not in- sisted upon, the evidence will not be com- mented on further in that connection.

The court refused to give at the re- quest of the defendant in writing charge 3, as follows: "The court charges the jury that if they are not satisfied beyond a reasonable doubt that, when the. defendant struck with his knife, he intended to kill Norris, or that the act was one from which death or great bodily harm would ordinarily, or in the usual course of events, follow, they must acquit the defendant of manslaughter in the first degree."

This charge has been held good in Lewis v. State, 96 Ala. 6, 11 So. 259, 38 Am. St. Rep. 75; Harrington v. State, 83 Ala. 16, 3 So. 425, and Williams v. State, 83 Ala. 19, 3 So. 616. But, since the case of Edwards v. State, 205 Ala. 160, 87 So. 179, which was based on Davis v. State, 188 Ala. 59, 66 So. 67, charges requiring acquittal, unless the jury is con- vinced beyond a reasonable doubt, must be predicated upon the whole evidence, and, when not so predicated, are held to be tech- nically bad, and the refusal of such charges is not reversible error. Since the decision in the Edwards Case, supra, the Supreme Court and this court have cited that case with approval more than fifty times, and it may now be said to be settled law.

There was a showing made and al- lowed for one of defendant's witnesses, who was absent from the trial, and the defend- ant requested the court to give charge 6-A, as follows: "A showing for an absent witness is entitled to the same weight as the testi- mony of any witness who testifies in the case, which is such weight as the jury thinks it en- titled to, after considering all the evidence."

This charge finds support and is held to be good in Coosa Portland Cement Co. v. Crank- field, 202 Ala. 369, 80 So. 451; Williams v. Anniston Electric Co., 164 Ala. 93, 51 So. 385. In the Coosa Portland Cement Co. Case, supra, the refusal to give a similar charge was held to be reversible error.

Refused charge 8 is held to be good in Ex parte Johnson, 183 Ala. 88, 63 So. 73, which case is cited with approval by this court in Thompson v. State, 23 Ala. App. 529, 128 So. 461.

Refused charge 9 has been approved in Keith v. State, 97 Ala. 32, 11 So. 914, which

case was referred to with approval in Grubbs v. State, 213 Ala. 576, 105 So. 583. There is some confusion in the decisions on this charge, which Mr. Justice Foster has explained in Walker v. State (Ala. Sup.) 135 So. 438,[1] in which opinion it is held that the refusal of such a charge is justified because it is misleading and not because it does not state the law.

■ Refused charge 11 in this case is a copy of charge 9, held to be good in Martin v. State, 90 Ala. 602, 8 So. 858, 24 Am. St. Rep. 844; but this case was expressly overruled on this point in Williams v. State, 140 Ala. 10, 37 So. 228; Matthews v. State, 22 Ala. App. 366, 115 So. 763.

■ Refused charge 12 is a substantial copy of charge 14, held to be good in Chaney v. State, 178 Ala. 44, 59 So. 604, and in several cases upon which that decision is based, but it appears that, where the questions of freedom from fault and retreat are involved, and are questions for the jury, the refusal to give the charge is not error, for that it omits to hypothesize defendant's freedom from fault in bringing on the difficulty as well as an inability to retreat without increasing defendant's peril. Gaston v. State, 161 Ala. 37, 49 So. 876; Nearer v. State, 198 Ala. 1, 73 So. 429; Collins v. State, 17 Ala. App. 186, 84 So. 417.

■ Refused charge C is an exact copy of charge 20 held to be good and its refusal reversible error in Adams v. State, 175 Ala. 8, 57 So. 591. The charge finds further support in the following cases: Stinson v. State, 10 Ala. App. 110, 64 So. 507; Hammond v. State, 147 Ala. 79, 41 So. 761; Burkett v. State, 154 Ala. 19, 45 So. 682; Clayton v. State, 23 Ala. App. 150, 123 So. 250.

■ Notwithstanding approval of charges similar to refused charge 14, in Lewis v. State, 96 Ala. 11, 11 So. 259, 38 Am. St. Rep. 75; Harrington v. State, 83 Ala. 16, 3 So. 425; Williams v. State, 83 Ala. 16, 3 So. 616, we hold that the cases cited do not apply to this case. If, as a matter of law, the instrument used in the homicide is a weapon calculated to produce death or great bodily harm, and the blow was intentionally and unlawfully given, the crime would be no less than manslaughter in the first degree. Reynolds v. State, ante, p. 249, 134 So. 815; Cole v. State, 16 Ala. App. 55, 75 So. 261.

[1] 223 Ala. 294.

■ Charges 15, 16, and 17 are properly refused as ignoring the doctrine of freedom from fault and of retreat. Moreover, charge 16 is an argument.

■ Charge 18 was properly refused. Peril of a battery from which great bodily harm cannot be readily apprehended will not justify the taking of life, even though there be no reasonable mode of escape. Fisticuff blows do not usually inflict grievous bodily harm. Scales v. State, 96 Ala. 76, 11 So. 121; Davis v. State, 92 Ala. 20, 9 So. 616; Eiland v. State, 52 Ala. 322. There may be and doubtless are, cases which hold that under certain conditions an assault with the bare hands will justify the use of a deadly weapon in repelling the assault, but such conditions do not exist in this case. Charge 18, therefore, in addition to being an argument, is, under the facts, abstract.

■ Charge X was invasive of the province of the jury. They had all the facts and circumstances before them, and from these facts and circumstances it was the jury's duty to ascertain who was at fault.

■ It is urged in brief that this court should pass upon the excessiveness of the punishment as fixed by the jury. There may be cases where the excessiveness of punishment would justify the setting aside of the verdict, but such cases are rare, and it should never be done unless it is apparent that passion, prejudice, or outside influence had a part in fixing the punishment. None of these influences appear in this record.

The charges which we have hereinabove held to be good are not covered by the court in his oral charge or by the charges given in writing at the instance of defendant, as is indicated by the trial judge, who states his reasons for refusal on most of the charges refused.

For the errors in refusing the charges as pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

No brief was filed by the Attorney General on the original submission of this case and the application might be stricken, but, in view of the importance of the questions involved and the painstaking and able brief filed by the Attorney General on this application, the opinion is corrected and extended, and the application is overruled.