[Crim. No. 819.   Department Two. — November 30, 1901.]

## THE PEOPLE, Respondent, v. ROBERT McFARLANE, Appellant.

CRIMINAL LAW — TRIAL — EVIDENCE — TESTIMONY UPON PRELIMINARY EXAMINATION — CONFLICTING TESTIMONY AT FORMER TRIAL — IMPEACHMENT. — Upon the trial of a defendant accused of felony, where the prosecution introduced the testimony of a witness taken upon the preliminary examination, and the defendant, for the purpose of contradicting the witness, introduced his evidence taken upon a previous trial, the witness did not thereby become the witness for the defendant, within the rule that a party cannot impeach his own witness, and it was error for the court to refuse to allow the defendant further to impeach the witness by evidence of his bad character.

ID. — IMPEACHMENT BY PARTY CALLING WITNESS — CONSTRUCTION OF CODE — EXCEPTIONS TO RULE. — Section 2049 of the Code of Civil Procedure, forbidding a party, in general terms, to impeach his own witness by evidence of bad character, is but the enactment of the previously existing general rule, which allowed of exceptions thereto. The rule does not apply where the calling of the witness is not volun-

tary, or where it becomes necessary to call the adverse party, or where the witness was first called by the adverse party, and is called by the other party for purposes connected with his original testimony, and especially where he is entitled to prove his different sworn statements, without opportunity of cross-examination with reference thereto.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. M. T. Dooling, Judge presiding.

The facts are stated in the opinion.

Frank H. Farrar, and G. G. Goucher, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and John F. McSwain, District Attorney of Merced County, for Respondent.

SMITH, C.— The defendant was tried upon an information charging him with murder, and convicted of manslaughter, and appeals from the judgment and from an order denying his motion for a new trial. The grounds urged for reversal are error in the exclusion of evidence and in the instructions.

On the trial, the testimony of witness Penycock, taken on preliminary examination of the defendant, was read in evidence by the prosecution, and afterwards the defendant offered to introduce the testimony given by the same witness on a former trial, for the purpose of contradicting his evidence as given on the preliminary examination, and introduced by the prosecution. The evidence offered was objected to, and the objection overruled. But the court said, in effect, on admitting it, that the testimony could not be limited to the purposes stated in the offer, and if introduced it must go to the jury for what it was worth, "just the same as if the witness . . . was called by them" (i. e., by the defendant's attorneys). The testimony was then introduced. Afterwards the defendant offered to impeach the witness by evidence of bad character, offering numerous witnesses for that purpose, but the evidence was excluded on the ground, in effect, that the witness sought to be impeached was the witness of the defendant, and therefore, under the provisions of section 2049 of the Code of Civil Procedure, could not be thus impeached. This, we think, was error. The provision of the code cited is but the re-enactment

of a rule previously existing, which allowed several exceptions, —as, for example, where the evidence of the witness is made necessary by the law, as in case of an attesting witness, or where it becomes necessary for a party to call his adversary as a witness; and the same principle would seem to apply to a case like this, where the defendant was entitled to bring to the attention of the jury the differing statements of the witness, and where he had no opportunity of cross-examining him with reference to them. (Best on Evidence, sec. 645, and note, p. 601.) The rule as commonly stated is, "that a party shall not be allowed to . . . discredit his own witness" by evidence of character; and the ground of the rule is, that "by calling a witness, the party represents him to the court as worthy of credit," and he is estopped afterwards to show the contrary. (Best on Evidence, sec. 645.) But this reason, and the rule grounded on it, can have no application where the calling is not voluntary. Generally, therefore, a witness is to be regarded as the witness of the party first calling him, unless called by the other party for purposes unconnected with his original testimony, and even when he is afterwards called by the other party, he is still regarded, it is said, as the witness of the party first producing him. (1 Wharton on Evidence, sec. 549.) The case, therefore, does not come within the reason of the rule as laid down in section 2049 of the Code of Civil Procedure. Nor does it come within its language, if the term "production," there used, be understood as referring to the first introduction of the witness; and as this construction best accords with the reason of the rule, and the rule itself as previously existing, the provision should be so construed. It was therefore error to exclude the testimony offered.

We advise that the judgment and order appealed from be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.