[S. F. No. 2605.    Department Two.—December 31, 1901.]

GRANT SELFRIDGE, Respondent, v. BLITZ W. PAXTON, Appellant, and BESSIE E. PAXTON, Co-Defendant.

Appeal—Service of Notice by Mail—Insufficient Affidavit—Dismissal.—An affidavit of service of the notice of appeal by mail, which fails to show that the parties or their attorneys had either offices or residences in two different places named, and does not show personal knowledge of the affiant, other than the defendant, of the statement that the defendant on a certain day made the service of the notice of appeal by depositing it in the post-office addressed, etc., is insufficient to show a compliance with the statute, and the appeal must be dismissed for failure to show service of the notice of appeal.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco denying a change of the place of trial of an action. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James W. Oates, for Appellant.

Morrison & Cope, for Respondent.

McFARLAND, J.—This is a motion by plaintiff and respondent to dismiss the appeal of the defendant Blitz W. Paxton from an order of the superior court denying a motion of said Blitz for a change of venue. The motion to dismiss is upon two grounds,—1. That the defendant Bessie was not served with a notice of appeal; and 2. That there is no proof that the plaintiff was ever served with such notice. As we think that the appeal must be dismissed on the second ground, we need not consider the first.

The appellant submitted the motion on the affidavit of substituted service by mail, which is contained in the record; but that affidavit is insufficient for two reasons,—1. It does not show that the parties, or their attorneys, had either offices or residences in the two different places named; for all that appears in the affidavit their residences or their offices may have been in the same place; and 2. The person making the

affidavit, who was not the defendant, merely states therein that, on a certain day, "the defendant" made service of the notice of appeal, by depositing it in the post-office addressed, etc. The statement is entirely too general and loose; there is nothing in it to show any personal knowledge of the affiant as to the fact to be proven, and it may have been founded entirely upon hearsay. The proof of substituted service should show, at least, a full substantial compliance with the statute. The affidavit of service should strictly and properly be made by the person who had himself made the service; but, at all events, it should show that the affiant had personal knowledge of the fact.

The motion is granted and the appeal is dismissed.

Henshaw, J., and Temple, J., concurred.