# Wright *v.* City of Anniston.

### *Violating City Ordinance.*

(Decided May 28, 1907.  44 South. 151.)

1. *Municipal Corporation; Violation of Ordinances; Prosecution; Jurisdiction.*—Under the charter of the city of Anniston (Acts 1894, 5, p. 1061), and the ordinances passed thereunder, the Recorder of said city has jurisdiction to try defendant on a charge of assault with a shotgun as the ordinance covers all assaults and assaults and battery; and this, notwithstanding the provisions of 4630, Code 1896.

2. *Witnesses; Bias; Cross Examination; Particulars of Difficulty.*—The particulars of a difficulty being inadmissible, a witness may not be asked on cross examination as to whether he carried defendant into the street and had knocked, choeked and abused him.

3. *Criminal Law; Instruction.*—Where evidence is introduced without objection as to a previous difficulty between witness and defendand it was error to instruct the jury that such an assault, if made, had nothing to do with defendant's guilt or innocence as it deprived defendant of the right to have the jury pass upon the bias of the witness towards the defendant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Harry Wright was convicted in the recorder's court of the city of Anniston for the offense of assault with a shotgun. He appealed to the city court of Anniston from this conviction and being convicted there he takes this appeal. Reversed and remanded.

TATE & WALKER, for appellant.—The recorder can have and exercise no greater power than those given a justice of the peace in criminal matters and the latter

30 R

has no jurisdiction to try a person for an assault with a weapon.—Section 4630, Code 1896. There being no judgment to appeal from in the recorder's court, defendant's motion to strike the complaint ought to have been granted. The motion to strike was sufficient to raise the question of a variance between the complaint in the recorder's court and the complaint filed in the city court and there was a variance.—*Walker v. The State,* 73 Ala. 17. The motion to strike was the proper way to raise it. —119 Ala. 32; 96 Ala. 435; 83 Ala. 191. Jurisdiction cannot be conferred by consent.—75 Ala. 129; 20 Ala. 445. The court erred in refusing the charge as to the bias of the witness and also as to excluding evidence of the difficulty between witness and defendant.—*Norwood v. The State,* 118 Ala. 134; *Henry v. The State,* 79 Ala. 42.

H. D. MERRILL, for appellee.—No brief came to the Reporter.

TYSON, J.—A written complaint was made against the defendant, charging him with the offense of "assault on Joe Whitman with a shotgun" in the city of Anniston, in violation of the ordinances of said city. On this complaint a warrant for his arrest was issued. After his arrest he was taken before the recorder of said city, and upon trial was convicted. From this conviction he prosecuted an appeal to the city court of Anniston.

The first question urged upon our consideration is one involving the right of the recorder to hear and determine his guilt—in short, his jurisdiction to try the cause. The ordinance prohibits an assault, or assault and battery, by any person upon another, and a penalty is prescribed for its violation. The right of the city to ordain the ordinance is not questioned, and, indeed, cannot be. By the charter of the city jurisdiction is conferred upon

the recorder to "hear and determine all causes of violation of all ordinances of the city and to impose the fines and penalties prescribed by law or ordinance for such violations." Additional jurisdiction of a justice of the peace in criminal matters is conferred upon him.—Acts 1891-95, p. 1061. The criminal jurisdiction of a justice of the peace, here conferred, has reference to violations of the criminal laws of the state alone, and not to violations of the city ordinances. The proposition that a justice of the peace has no jurisdiction of assault, or assault and battery, where a weapon is used, has no application.—Section 4630 of the Criminal Code of 1896. It was not in the exercise of this jurisdiction that the case against the defendant was tried and determined, but in the exercise of that conferred to try all cases in violation of city ordinances; and clearly the ordinance is broad enough to cover every assault and battery, no matter how committed—by what instrumentality.— *Bonner v. State,* 97 Ala. 47, 12 South. 408.

From what we have said, it is clear that the court committed no error, either in its several rulings with respect to the question of jurisdiction of the recorder, in admitting in evidence the ordinances offered by the city, in admitting testimony tending to show defendant's guilt, in instructing the jury that the ordinance was broad enough to cover the charge of an assault with a gun, or in refusing the written charge requested by defendant. The several predicates laid for the admission of defendant's confessions were entirely sufficient. There was, therefore, no error in admitting them; nor was there error in sustaining the objection to the question propounded by defendant to witness Large on cross-examination in this language: "Is it not true that you carried Harry Wright out of the store into the street, and had knocked, choked, and abused him before you

[Miller v. Mayor, etc., of City of Birmingham.]

left the store?"—for the obvious reason that it called for the particulars of the difficulty. The fact of a prior difficulty between the witness and defendant would have been competent as tending to show bias on the part of the witness.—*Jones v. State,* 76 Ala. 8. During the progress of the trial testimony was subsequently admitted, which was not objected to, tending to show such prior difficulty, to the extent of an assault by the witness upon the defendant. It was, therefore, error for the court to instruct the jury that such an assault, if made, had nothing to do with the defendant's guilt or innocence. The instruction had the effect of depriving the defendant of the right of having the jury to pass upon the bias of the witness; and by it the question as to what extent such bias, if it existed, affected the credibility of the witness, was withdrawn from their consideration.—*Upson v. Raiford,* 29 Ala. 188, 195, and cases there cited.

Reversed and remanded.

HARALSON, ANDERSON, and MCCLELLAN, JJ., concur. DOWDELL, SIMPSON, and DENSON, JJ., dissent, holding that this charge was merely misleading, and that its misleading tendency could have been obviated by an explanatory charge on request of defendant.