40 So.2d 346

**BRADLEY v. STATE.**

**8 Div. 664.**

Court of Appeals of Alabama.
April 12, 1949.

Rehearing Denied April 26, 1949.

Bradshaw & Barnett and Elbert B. Haltom, all of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment in this case charges grand larceny in the first count and receiving stolen property in the second count. The defendant was convicted as charged under the latter count. The property involved is an automobile.

The appellant was arrested several days after the theft. The court allowed proof inter alia that at this time the officers mistreated the accused. This became a disputed factual issue.

In relation to this aspect of the evidence, the court in his oral charge instructed the jury as follows:

"Now, gentlemen, there is also some testimony in the case and some argument on both sides with reference to the allegations that the defendant was beaten up and mistreated by the officers at the time of his arrest. That evidence, gentlemen, was first presented and allowed to come from the witness stand on the question of the weight and credibility to be given the testimony of one of the State's witnesses. In other words, the principle of law is that any witness in a case may be asked what his feelings are toward the defendant, and if he says his feelings are good, or there are no feelings, then the law says other facts may be brought in to show a difficulty and to impeach that statement and show he does have a feeling against the defendant. So that testimony with reference to the defendant being beaten at the time of the arrest was allowed to come to you only on that purpose; that is, on the weight to be given the testimony of that witness who denied that he had hard feelings toward the defendant. The defendant is being tried for the offense of grand larceny and receiving stolen goods, knowing that they were stolen, and whether or not he was guilty of one or both of these charges is the issue, and the fact that what happened at the time of the arrest or mistreatment is not evidence of his guilt or innocence on the charge he is being tried on here today."

Exceptions were reserved to the entire portion, but we will direct our attention primarily to the concluding sentence of the excerpt.

■ Without doubt, evidence introduced in a cause may be material and pertinent for certain purposes and it may be directed, by proper instructions, to serve these particular functions. However, this is not comparable to a charge that proof of facts in a case is not to be taken as evidence of the guilt or innocence of a person charged with a criminal offense. All the evidence which has been allowed during the progress of the trial must be considered by the jury in its effort to determine the guilt or innocence of the accused. The court is without authority to take any material question of fact from the jury if the evidence, or any tendency therefrom, supports the proof of the facts. George v. State, 240 Ala. 632, 200 So. 602.

With reference to character evidence, Chief Justice Gardner, writing for the Supreme Court, had this to say: "Of course, defendant was due the benefit of his proof concerning his good character without impairment of its weight or credibility by oral instructions from the court." Mosley v. State, 241 Ala. 132, 1 So.2d 593, 596.

We think the case of Wright v. City of Anniston, 151 Ala. 465, 44 So. 151, 152, is in point on logical deductions. We excerpt from the body of the opinion:

"The fact of a prior difficulty between the witness and defendant would have been competent as tending to show bias on the part of the witness. Jones v. State, 76 Ala. 8. During the progress of the trial testimony was subsequently admitted, which was not objected to, tending to show such prior difficulty, to the extent of an assault by the witness upon the defendant. It was, therefore, error for the court to instruct the jury that such an assault, if made, had nothing to do with the defendant's guilt or innocence. The instruction had the effect of depriving the defendant of the right of having the jury to pass upon the bias of the witness; and by it the question as to what extent such bias, if it existed, affected the credibility of the witness, was withdrawn from their consideration."

In the case at bar we are confronted with a question which, in our view, is even more vital than is presented in the Wright case, supra. The court did not only include in his statement the "mistreatment" aspect ,but went further and stated: " * * and the fact that what happened at the time of the arrest."

■ A considerable amount of the testimony was devoted to what occurred at the time of the arrest. The effect of the indicated portion of the oral instruction is to take from the jury a consideration of all that there transpired according to the proof. This was clearly an invasion of the province of the jury.

■ Because of the possibility of another trial, we will not attempt any delineation of the tendencies of the evidence. It is our considered conclusion that the evidence now before us warrants the refusal of the general affirmative charge in appellant's behalf.

There are other questions presented for our review. In the event of another trial they will not likely · reoccur in identical form. We will, therefore, pretermit any treatment of these matters.

For error which we have indicated the judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.