58 So.2d 903

### HICKS v. STATE.

### 4 Div. 214.

Court of Appeals of Alabama.

May 13, 1952.

J. Hubert Farmer, Dothan, for appellant.

---

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant has been convicted of driving while intoxicated.

In our opinion a portion of the court's oral instruction to the jury, to which an exception was reserved, compels a reversal of this case.

We will therefore outline that portion of the facts which bear upon the validity of the questioned instructions.

Two highway patrolmen observed a car on a highway in Houston County which was driven in such a manner as to weave from side to side on the road. Efforts were made to stop the car, and during the chase the patrolmen, or one of them, fired five times at the rear wheels of the fleeing car. The appellant finally was overtaken and arrested.

The evidence presented by the State and defense was in conflict as to whether the appellant was intoxicated. Certainly the State's evidence on this question, if believed by the jury under the required rule, and apparently by their verdict they did so believe, was amply sufficient to sustain the verdict and judgment rendered.

During the trial however the defense presented evidence directed toward showing that at the time of defendant's arrest he was cursed and struck by one of the arresting officers.

Rebuttal evidence presented by the State tended to deny any wrongdoing by either officer at the time of the arrest.

In the course of his instructions to the jury the trial court stated to the jury:

"What is the other material issue involved in this charge, rather, in this information, that he was intoxicated; that's all of them. Operating a motor vehicle, at the time and on the occasion

466

testified to by the witnesses, and that at that time and place he was intoxicated; that is all that is involved in this case. *Whatever the officers, the highway patrolmen, might have done, whether or not they abused the rights, fundamental rights, of the defendant, or whether or not they didn't do it, it makes no difference what the plaintiff, I mean the defendant, did or didn't do, other than the issues that I have outlined to you, it does not matter, with reference to those things that I have enumerated, it doesn't shed any light, they don't shed any light on the real issues involved in this prosecution* and when you go out to weigh and consider this testimony, and determine it, determine whether or not the defendant is guilty or innocent, do that, on those two issues, did he operate a motor vehicle in Houston county, was he intoxicated. If he did, and you're convinced beyond all reasonable doubt that he did, then, your verdict should be guilty. If you're not so convinced, it should be not guilty." (Italics ours).

The italicized portion of the above instructions were excepted to by appellant's counsel in the following language:

"Mr. Farmer: The defendant excepts to that portion of the Court's charge to the effect that the conduct of the officers on the occasion testified about can shed no light on the real issues of this case."

 We think the exception was sufficient in substance to direct the court's attention to the portion of the charge excepted to, and that fairness to the appellant invites our review of its correctness. Lassiter v. State, 254 Ala. 5, 47 So.2d 233; Anders v. State, 255 Ala. 319, 51 So.2d 711.

In Bradley v. State, 34 Ala.App. 389, 40 So.2d 346, 347, the court allowed proof that at the time of appellant's arrest, *several days after the alleged offense,* that the officer abused the accused, and this became a factual issue. In its oral charge the court instructed the jury that such evidence was allowed only as affecting the weight of the testimony of the arresting officers as it might show bias on their part, and was not evidence of guilt or innocence of the accused. Such portion of the oral charge was excepted to by the defendant.

In reviewing the Bradley case, supra, this court wrote:

"Without doubt, evidence introduced in a cause may be material and pertinent for certain purposes and it may be directed, by proper instructions, to serve these particular functions. However, this is not comparable to a charge that proof of facts in a case is not to be taken as evidence of the guilt or innocence of a person charged with a criminal offense. All the evidence which has been allowed during the progress of the trial must be considered by the jury in its effort to determine the guilt or innocence of the accused. The court is without authority to take any material question of fact from the jury if the evidence, or any tendency therefrom, supports the proof of the facts. George v. State, 240 Ala. 632, 200 So. 602."

This doctrine enunciated in the Bradley case, supra, we think, is entirely applicable to this case, and compels its reversal.

Reversed and remanded.