193 So.2d 418

**Joe Earl PANTY**

**v.**

**STATE**

**6 Div. 126.**

Court of Appeals of Alabama.

Dec. 20, 1966.

---

———◇———

Locke & Locke, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Jefferson County on March 5, 1964, for the offense of murder in the first degree. On April 15, 1965, appellant was tried and convicted of manslaughter in the first degree. He was sentenced to five years in the State penitentiary and it is from this judgment that he makes this appeal.

On November 7, 1963, deceased was shot several times by appellant after which he was taken to the University Hospital where physicians removed one slug from his body. After remaining at the hospital for about one month, the deceased was transferred to the Ketona Nursing Home. From the day he was shot until his death on February 20, 1964, he was paralyzed.

We deem it unnecessary to here set out a totality of the evidence in this case as this cause must be reversed because of the error hereinafter discussed.

The trial court in his oral charge to the jury stated, in part, as follows:

"I want to say one or two other things —gentlemen, the corpus delicti, or what is known as the body of the crime, is not a question for the jury to pass on, but a question for the Court to pass on. If the Court was not satisfied that the corpus delicti had been proven, either by direct evidence or by circumstantial evidence, then it would have been the Court's duty to have taken the case away from the jury and to restrict it. The Court considered that the corpus had been proven by circumstantial evidence partly—partly direct, partly circumstantial. Therefore, it was submitted to the jury. It is a question for the jury to determine, of course, the guilt or innocence of this defendant. But only that, and this is a question of law as to proof of the corpus delicti."

After the conclusion of the oral charge and prior to the retirement of the jury to consider their verdict, counsel for appellant stated the following to the court:

"The defendant says the Court's charge is excellent, but would like to except to one thing. That was the statement by the Court that the question of the corpus delicti is a question of law for the Court to pass on, the Court thus indicating the corpus delicti had been prov-

en. We except to that part, and we respectfully say it is a mixed question of law and fact."

Sometime after the jury had retired and deliberated on their verdict, they returned to the courtroom and requested additional instructions as follows:

"A JUROR: * * * has the court ruled that Junior Williams' death was caused by the shots that had been—

"THE COURT: Well, of course the Court had to pass on the question of— the defense made a motion to exclude the State's testimony on the ground that they had not proven the corpus delicti, which is the body of the crime, or the cause of the crime, as I believe Mr. Murphy stated that. The Court ruled they had proven the corpus delicti. If they hadn't done that, of course, the case would have gone out. So, in effect, that would be the ruling—that the death was caused—that it was a proximate cause of the shooting. In effect, the Court ruled that out, yes.

"THE JUROR: There was some lack of understanding on that point.

"THE COURT: Well, the Court ruled another thing—that that was not for the jury. The Court had to rule on that. That was purely a question of law, which the Court ruled on and submitted to the jury. The evidence couldn't have gone to the jury if that point had been decided in favor of the defendant to start with."

We set out the above additional charge requested by the jury to show that the trial judge continued to adhere to and, in fact, pronounced in substance the erroneous instructions to the trial jury regarding proof of the corpus delicti. Davis v. State, 40 Ala.App. 118, 112 So.2d 353; Royals v. State, 256 Ala. 390, 391, 56 So.2d 368.

In both of the forementioned charges discussed, the trial judge committed error in his instruction to the jury that the corpus delicti was a pure question of law.

 Determination of the weight of the evidence relating to proof of the corpus delicti is for the jury and it was error for the court to charge the jury that this question already had been determined by the court.

For this error, this cause is due to be and the same is hereby

Reversed and remanded.