Jose **MALAGON–RAMIREZ,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22588.

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1968.

J. Perry Langford (argued), of Langford, Langford & Lane, San Diego, Cal., for appellant.

Mobley M. Milam (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and CARR, District Judge.

CARR, District Judge:

This is an appeal from a conviction on a four-count indictment, Counts One and Two involving approximately one ounce of heroin, and Counts Three and Four involving seventy pounds of marihuana.

There are two assignments of error: 1) that the evidence was insufficient to support the conviction on Counts One and Two; and 2), that the trial court erred in its instruction on reasonable doubt.

No objection to the instruction was made, thus this court is not required to consider the claimed error. However, it appears that the instruction was in keeping with the law as it has been enunciated by the judges over the ages.

■ The court instructed the jury that a reasonable doubt was that state of the case which after consideration of all the evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.

Although a motion for judgment of acquittal was made only as to Count Two, appellant contends that the evidence was insufficient as to Counts One and Two, requiring a reversal of the judgment on those two counts; and because of the prejudicial effect of the evidence on the marihuana counts, the judgment of conviction on Counts Three and Four should be reversed.

Appellant was stopped at the border and because arm rests were missing from the car and a rear window would not roll down, the customs inspector escorted appellant into the Customs Office, seated him in a chair, returned and searched the vehicle and discovered about seventy pounds of marihuana hidden in the automobile.

The inspector returned to the customs room, took appellant into a search room and made a personal search, discovering nothing. The inspector returned to the customs room where appellant had been sitting and found a contraceptive with heroin. in it on the floor between the chair where appellant had been seated and the desk of the customs inspector. The chair was approximately two feet from the desk. A chart of the Customs Office, Exhibit No. 3, shows that the inspector's office was enclosed behind a counter.

Although there was evidence that during the day a great number of people entered the inspector's office, there was nothing in the evidence to indicate that anyone had been in the room between the time that the inspector took appellant out to search him and the time he returned to the room.

■ Considering the evidence introduced against appellant in its most favorable light upon the motion for judgment of acquittal, this court cannot say that the evidence was insufficient to permit a jury to conclude that appellant had placed the contraceptive on the floor.

Appellant's reliance upon Davis v. United States (9th Circuit), 382 F.2d 221, is of no avail since in that case the car in which the heroin was found had been used by several other persons be-

tween the time that defendant was in the car and the heroin was found in it.

The judgment of conviction on all counts of the indictment is affirmed.