UNITED STATES of America,
Plaintiff-Appellee,

v.

Wilson Lee JAMES and Edmon Martin,
Defendants-Appellants.

No. 27080
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 1, 1970.

Thomas M. Hendricks, Jr., Meridian, Miss., court-appointed for appellants.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee, Jill Wine Volner, Atty., Dept. of Justice, Washington, D. C., of counsel.

Before JOHN R. BROWN, Chief Judge and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ This is another moonshine case.[1] Defendants James and Martin were convicted of the misdemeanor offense of possessing ingredients intended for use in manufacturing moonshine whiskey. 26 U.S.C.A. § 5686(a). On appeal they raise questions concerning the admissibility of seized evidence and of statements made before warnings had been given. We find both contentions to be without merit and affirm.

The case begins at 4:00 o'clock one morning with Deputy Sheriff Jarvis and his partner following a suspected whiskey car. Down the road a piece, out of the deputies' county, a van-type truck with defendants driving "pulled in with the car" from a side highway. The deputies continued to follow the vehicles, passing and repassing the two every now and then.

After a while the truck pulled off the road and the deputies pulled up behind. Jarvis got out and engaged the driver, Defendant James, in a short conversation. He asked if he could take a look at what the men were hauling. The driver, Defendant James, said yes and opened the truck's back door. In the truck Jarvis saw a number of 55-gallon drums and grain sacks, which his experience-borne intuition told him were equipment and raw materials for making whiskey.

The deputies made no arrest at that time because they were out of their jurisdiction and allowed defendants to proceed. They, of course, continued to follow them and radioed the Alcohol and Tobacco Tax Division to send some agents. Jarvis kept the ATU posted as to defendants' whereabouts, and subsequently agents arrived, arrested defendants, searched the truck and seized the goods.

At a suppression hearing defendants claimed that the search and seizure by the ATU agents was illegal since it was the fruit of Jarvis' poisoned search. They claimed that the deputies' search was poisoned because they had no warrant or probable cause and that defendants had not consented to the search. The District Judge held that the deputies were acting merely as private citizens and that James had voluntarily allowed them to look into the truck.

In arriving at these conclusions he determined that the officers never identified themselves as officers, that they had a short-wave radio in the car but that there was nothing on the car to indicate that it was an official vehicle, and that defendants voluntarily allowed the deputies to look into the truck.

■■ Although we cannot agree that the deputies out of their jurisdiction were acting "as aught but private citizens with a great measure of curiosity", we accept the Judge's finding as to voluntariness of consent as not clearly erroneous. Jackson v. United States, D.C. Cir., 1965, 122 U.S.App.D.C. 324, 353 F. 2d 862; Weed v. United States, 10 Cir., 1965, 340 F.2d 827; United States v. Page, 9 Cir., 1962, 302 F.2d 81 (en banc). Since the deputies' view of the contents of the truck was legal, the search and seizure by the federal agents was not poisoned. Their warrantless search was otherwise valid because

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

based on very reliable information at a time (in the dark hours of the morning) and under circumstances (goods in a truck) where the evidence might otherwise be lost if they had waited.

 Defendants' second contention is that an answer given by Defendant James before he had been given his constitutional warnings was improperly admitted. The statement was in response to an agent's question upon stopping the truck. One agent testified that James had been asked how many barrels he had on the truck and James replied, "about 60 and some rye and corn chops." After a couple of intervening questions the defense objected when it became evident that no warnings had been then given. After a lengthy conference and hearing out of the jury's presence, the Judge ruled that the statement was inadmissible and instructed the jury to disregard it. This action was not reversible error since, in the light of other abundant, admissible evidence, this statement was not so prejudicial that its effect on the jury's mind could not be eradicated by instruction. Cf. United States v. Campbell, 5 Cir., 1969, 419 F.2d 1144.

The only problem is that his instructions told the jury more than the agent's testimony had done. All the jury had heard was the statement attributed to a defendant describing the drums and materials they were hauling. But the Judge's instruction described the testimony in terms of what the defendants intended to do in using the materials and equipment.[2] The inclusion of this additional fact was clearly inadvertent—defendant's statement concerning intent had come out when the ATU agent was examined out of the presence of the jury and the Trial Judge must have forgotten that the jury had not been present during this examination. But there was no harm. First, there was no objection by defense counsel. It is evident counsel thought the instruction quite adequate. In any event, reversal could come only if it was plain error or a defect affecting a substantial right, F.R.Crim.P. 52(b), which it clearly was not. More than that, the information about the intention of the defendants was shortly brought to the attention of the jury in the obviously admissible testimony of the same ATU agent after the jury had returned.

Affirmed.

---

2. The Judge instructed:

"Members of the Jury, the testimony up to the point where you were retired to your Jury Room showed that this officer on the witness stand stated that the driver of this truck made a statement to him to the effect of what he was going to do with the contents of that truck, that he was going to make some whiskey out of it. He had not at that point been advised of his legal rights and the Court tells you as a matter of law that you can't consider that statement at all or hold it against these Defendants. You will completely disregard it as if it had not been so testified."