**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Philip Michael MEMOLI, Defendant-Appellant.**

**No. 25641.**

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1971.

David K. Yamakawa, Jr., San Francisco, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Kenneth P. Snoke, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant appeals from a conviction and sentence for interstate transportation of a stolen car, in violation of 18 U.S.C. § 2312. We affirm.

The appellant claims that misstatements by the prosecutor during opening and closing arguments deprived him of a fair trial. No objection was made to the statements. No instruction was requested and none given that arguments of counsel are not evidence. Not all misstatements require a reversal of a conviction. Mares v. United States (10 Cir. 1968) 409 F.2d 1083, 1085. And, in the absence of an objection plain error must appear. Leonard v. United States (9 Cir. 1960) 277 F.2d 834, 841.

We have examined the record and the claimed prejudice is clearly not plain error, but assuming an objection was made, the claims of prejudice are clearly insubstantial. *See generally*, Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969).

Likewise, the claim of ineffective assistance of counsel, notwithstanding appellate counsel's description of trial counsel's efforts, is clearly without

merit. Appellant did not object to his representation below. Our review of the record does not disclose representation so inadequate that the trial court's failure to notice it was plain error. United States v. Sullivan (9 Cir. 1970) 435 F.2d 650, 652.

The judgment of conviction is affirmed.