**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Warren SCARBROUGH, Defendant-
Appellant.**

**No. 72–1864.**

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 1972.

---

Peter H. Smurr, Carmichael, Cal., for defendant-appellant.

Dwayne Keyes, U. S. Atty., Brewster Q. Morgan, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before TRASK and CHOY, Circuit Judges, and TALBOT SMITH, District Judge.[*]

**TRASK, Circuit Judge:**

John W. Scarbrough appeals from a judgment of conviction for violation of 18 U.S.C. § 472, uttering counterfeit obligations. Appellant was convicted of having altered a one-dollar bill to resemble and pass as a twenty-dollar bill. This deception was accomplished by tearing off the ends of a one-dollar bill and replacing them with the ends of a twenty. Appellant then took the mutilated twenty (less the ends) to a bank in order to receive a new twenty. He presented the altered one-dollar bill to a bar in Stockton, California, where it was not surprisingly discovered to be false.

No issue exists as to the facts of the crime. On the question of mental condition, evidence was introduced that about six weeks before passing the altered currency he had slashed his wrists in a purported attempt to commit suicide and that about a month after the passing of the altered bill he had shot himself in the abdomen. He was then placed in a county psychiatric ward for examination but was released and returned home. Thereafter he voluntarily committed himself to a state hospital for the mentally ill. He was indicted by the grand jury after making a full statement of the crime in the presence of his attorney. He was examined by a court appointed psychiatrist and found to be sane for the purposes of trial. At the trial itself two doctors testified that they had found the defendant to be sane and capable of forming the specific intent required to commit the crime. A third doctor called by the defendant was somewhat equivocal on the subject of the defendant's capability for forming a specific intent.

This appeal concerns procedural errors alleged to have been made at trial, and issues relating to the sanity of the appellant, particularly with respect to the effect of appellant's mental state on the required intent to defraud by the use of altered obligations. We affirm.

The issues raised by the appellant concern (1) the refusal to permit appellant to impeach his own expert witness, by means of a hypothetical question, on the basis of a prior inconsistent statement; (2) alleged error in the instruction on reasonable doubt; (3) alleged error in exclusion of evidence, particularly a display of appellant's scarred wrists, and plain error in denying additional evidence on appellant's second suicide attempt; (4) denial of appellant's requested sanity instruction; and (5) alleged

---

[*] Honorable Talbot Smith, Senior United States District Judge, Eastern District of Michigan, sitting by designation.

error by the prosecution in closing argument.

Appellant contends that the denial of redirect examination of appellant's expert witness on the topic of "obsessions" amounted to a denial of due process. Apparently, appellant was attempting to impeach his own expert by the use of a hypothetical question which assumed facts which were not established in the evidence.[1]

The present rule in the Ninth Circuit is that a party may properly impeach its own witness by use of an out-of-court statement where (1) the witness' testimony was contrary to that which had been anticipated and (2) where the testimony was actually injurious to the case of the party who called the witness. Bushaw v. United States, 353 F.2d 477 (9th Cir. 1965), cert. denied, 384 U.S. 921, 86 S.Ct. 1371, 16 L. Ed.2d 441 (1966); *accord* United States v. Miles, 413 F.2d 34, 37 (3d Cir. 1969).[2] "A party 'is not permitted to get before the jury, under the guise of impeachment, an ex parte statement of [a] witness, by calling him to the stand when there is good reason to believe he will decline to testify as desired, . . .'" Bushaw, *supra,* 353 F.2d at 481.

The question of surprise was one for the exercise of the trial court's discretion. Ewing v. United States, 386 F.2d 10, 15 (9th Cir. 1967), cert. denied, 390 U.S. 991, 88 S.Ct. 1192, 19 L.Ed.2d 1299 (1968).[3] We cannot hold that there was any abuse of discretion by the trial court, and thus, we reject appellant's contention.

In addition, the appellant failed to supply this court with references to the record wherein evidence on "obsessions" could be found. In the absence of such a showing we are entitled to assume that the trial court correctly determined that the assumed facts were not in evidence. Therefore, it was not an abuse of discretion for the trial court to disallow testimony given in response to the hypothetical question. United States v. Carlson, 423 F.2d 431 (9th Cir.), cert. denied, 400 U.S. 847, 91 S. Ct. 94, 27 L.Ed.2d 84 (1970).

Appellant attempts to come within another exception to the rule that a party cannot impeach his own witness by claiming that this witness was one whom it was "necessary" to call, because the doctor was "appellant's keeper" after the second suicide attempt. In ad-

1. See excerpts from the record at footnote 3, *infra.*

2. This court recognizes the trend toward allowing impeachment of a witness by any party. United States v. Bryant, 461 F.2d 912 (6th Cir. 1972); United States v. Lineberger, 444 F.2d 122 (4th Cir. 1971), cert. denied, 404 U.S. 1060, 92 S.Ct. 746, 30 L.Ed.2d 748 (1972); United States v. Freeman, 302 F.2d 347 (2d Cir. 1962), cert. denied, 375 U.S. 958, 84 S.Ct. 448, 11 L.Ed.2d 316 (1963); Proposed Rules of Evidence for the United States Courts and Magistrates § 607 (Revised Draft 1971), 51 F.R.D. 315, 388, and other authorities cited in *Bryant, supra,* 461 F.2d at 918.

3. The following conversation between the court and defense counsel and Dr. Ely illustrates that the question of surprise was considered by the trial judge.
   "Mr. Smurr: First of all, I was surprised by my witness' statement, and it is contrary to—appears to me to be contrary to a letter I received from [the witness] . . . I'm not impeaching him.
   "The Court: Did you talk to him before you put him on the stand
   "Mr. Smurr: Yes, sir, I did.
   "The Court: Did he tell you differently?
   "Mr. Smurr: Part of this statement —I was under the impression that part of this statement would be different than what he did state.
   "The Court: Well, now, if you talked to him and he told you what he's telling you here in court, you can't now put him on the stand and impeach him.
   *       *       *       *       *
   "The Witness: I'm not sure part of this is contrary.
   *       *       *       *       *
   "The Court: [to Witness] . . . Now, having all these facts before you, do you want to make any change in your testimony?
   "The Witness: I don't believe so."
   Record, Vol. 2 at 161–164.

dition to the fact that appellant again has failed to cite the record for evidence that this doctor was "appellant's keeper," appellant misreads the exception. The exception applies when the party is under a legal obligation or duty to call the witness. Meeks v. United States, 179 F.2d 319, 12 Alaska 545 (9th Cir. 1950). No such legal duty or obligation has been shown in this case.

Appellant contends that the reasonable doubt instruction given by the trial court was error. The trial judge, when defining "reasonable doubt" as to the guilt of the appellant, used the phrase "established to a moral certainty and beyond a reasonable doubt." In a later instruction relating to whether the appellant may have had a mental disease or defect at the time of the alleged commission of the crime, the trial judge used only the phrase "reasonable doubt" to describe the standard which was to be considered by the jury.

■ Appellant's objection went only to the first instruction relating to the finding of guilt. However, in this case there is no dispute that appellant did the acts alleged. He gave a complete statement to the prosecution in the presence of his attorney. The question is whether the appellant had the mental capacity to commit the acts, and as to this finding there was no error in the instruction since the term "moral certainty" was not used. The Ninth Circuit has held proper the use of "moral certainty" in certain definitions of reasonable doubt. Malagon-Ramirez v. United States, 404 F.2d 604 (9th Cir. 1968); accord, United States v. Acarino, 408 F.2d 512 (2d Cir. 1969). Although the "moral certainty" portion of the instruction might better have been omitted, in light of the entire body of instructions, it is evident

that appellant was not prejudiced. Medved v. United States, 411 F.2d 617 (9th Cir. 1969).

■ Appellant objects to the exclusion of certain proffered evidence. In particular, during the course of the trial there had been discussion by other witnesses regarding appellant's slashed wrists. In addition, the government did not contradict the second suicide attempt or the fact that appellant had shot himself. The error, if any, in excluding additional evidence on these facts was harmless where the same evidence was in substance put in by other witnesses. Alaska Airlines, Inc. v. Northwest Airlines, Inc., 444 F.2d 84 (9th Cir. 1971); accord, United States v. James, 423 F.2d 991, 993 (5th Cir. 1970).

■ The instruction on insanity was based on Wade v. United States, 426 F.2d 64 (9th Cir. 1970), and the instructions also sufficiently informed the jury that a mere finding of sanity was not enough to warrant a guilty verdict. United States v. Porter, 431 F.2d 7, 10 (9th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970). We find no merit to appellant's contention.

■ The matters referred to by the prosecution in closing argument to which the defendant objected may well have had a basis in the evidence from which they could have been inferred. In any event, these matters were not at all crucial to the issues in the case, and the limiting instruction given was sufficient to protect appellant's constitutional rights. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); United States v. Memoli, 449 F.2d 160 (9th Cir. 1971).

The judgment is affirmed.