BARRON, Judge.
Appellant was charged with theft in the first degree in violation of Ala.Code § 13A-8-3 (1975). He pleaded not guilty and was convicted in the Circuit Court of Walker County on September 18, 1981. Appellant was sentenced to a term of 45 years in the State penitentiary. This appeal followed that conviction.
On the first week in March, 1980, appellant leased a trailer designed for transporting heavy machinery from a rental firm in Jasper, Alabama. During that same week, the City of Jasper, Alabama reported a $40,000 1972 model Caterpillar tractor-loader stolen.
A week later, this trailer and tractor-loader were being offered for sale by appellant in Houston, Texas. There was evidence that appellant falsely claimed ownership of the tractor-loader and produced a forged bill-of-sale to potential buyers. The tractor-loader was painted in various places with the words “City of Jasper.” Tags and identification numbers for the tractor and trailer had been removed or altered.
The appellant rode with a Mr. Owens to Houston, Texas, with the trailer and the stolen machinery. There was evidence that Mr. Owens and appellant were accomplices in the crime.
After the unsuccessful attempt was made to sell the machinery, both tractor and trailer were found abandoned at a Houston truck stop. The tractor and trailer were subsequently returned to Walker County with the help of Houston law enforcement officials.
The appellant offered no direct evidence at trial. Appellant complains of two errors in the trial court’s charge to the jury.
I
The first charge objected to was as follows:
“Now you have heard testimony in this case that there was probably two persons involved in this transaction as this is what is known in the law as complicity.”
Appellant correctly notes that the case of Cole v. State, 75 So. 261, 16 Ala.App. 55 (1917), requires that a trial judge refrain from comment on the effect or the weight of evidence presented in a case. A judge should, when instructing a jury, take care not to intimate opinion on evidence. N. Chiarkas, Alabama Criminal Trial Practice, § 24-2 (1982).
*232 Appellant claims that the use of the word “probably” in this portion of the charge amounted to a comment on the evidence. The defense claims that appellant was merely an unwitting passenger on the trip to Houston and not an accomplice in crime.
Appellant cites the cases of Panty v. State, 193 So.2d 418, 43 Ala.App. 507 (1966), and Hicks v. State, 58 So.2d 903, 36 Ala. App. 464 (1952). The jury charges challenged in these cases and in Cole, supra, however, are distinguished from the charges challenged in the instant case.
The trial court in the instant case did not inject its opinion as to the importance of the evidence adduced as did the court in Cole and Hicks, and it certainly did not tell the jury that the corpus of the crime had been proven as the court did in Panty.
The law in this state is that the court does not invade the province of the jury in a criminal prosecution by stating that there is evidence of a particular fact when such is the case. Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970).
The case of Crumpton v. State, 402 So.2d 1081 (Ala.Cr.App. 1981), is the most recent of many decisions of the Alabama courts which state that a trial court’s charge is to be construed as a whole, and if, when so construed, it asserts a correct proposition applicable to the evidence, a disconnected part of a sentence is not reversible error.
In the instant case, we conclude that the trial court’s use of the word “probably” rather than “possibly” or “allegedly” was harmless error. Though ill advised, the wording was innocuous in its effect. The trial court in this charge simply made a reference to, rather than a comment on the evidence. This was not an invasion of the province of the jury, and did not, when taken in context with the rest of the charge, have the prejudicial impact that would require a reversal.
II
The appellant also claims as error this portion of the court’s oral charge:
“If you find, after hearing the evidence, that there is conflict in the evidence as to any material facts, you must make a bo-nofide [sic] effort to reconcile that conflict with all the other evidence in the case and to make all of the witnesses speak the truth if you can reasonably do so.”.
Appellant claims that this charge detracts from the appellant’s presumption of innocence when, as in this case, the defense has offered no affirmative testimony.
 We find that this portion of the oral charge is a proper statement of the law, when considered with the court’s entire charge, and is not contrary to the appellant’s presumption of innocence. This charge is similar to a charge properly given in the case of Jeter v. State, 339 So.2d 91 (1976). The charge in the Jeter case was given under similar circumstances in that there was no affirmative defense testimony in the record.
We find no error in these oral charges to the jury.
AFFIRMED.
All the Judges concur.